A. W. SIMPSON, as Chief of Police, of the Police Department of the City of Miami Beach, a Municipal Corporation, Claude A. REN-SHAW, as City Manager of the City of Miami Beach, a Municipal Corporation; and THE CITY OF MIAMI BEACH, a Municipal Corporation organized under the laws of the State of Florida, v. J. E. HANDBERRY.

33 So. (2nd) 31                                      June Term, 1947
December 9, 1947                                Special Division A
Rehearing denied January 9, 1948

*Ben Shepard,* for appellants.

*Rasco, Esslinger & Brion,* for appellee.

SEBRING, J.:

J. E. Handberry, the appellee, was a police officer of regular status in the classified civil service of the City of Miami Beach, subject to Chapter 18696, Special acts of 1937 creating the civil service system, and to the rules of the Personnel Board promulgated thereunder.

On January 18, 1947, Handberry was served with a written notice of his removal from employment by the Chief of Police and City Manager on the ground that he had been "guilty of conduct unbecoming an employee of the City;" this being a ground set out in the rules of the Personnel Board as constituting a cause for removal. The "specifications" appearing in

the written notice in support of the ground for removal charged:

"You have been guilty of conduct unbecoming an employee of the City in that on January 15th, 1947, at or about 6:00 o'clock P. M., on the public streets, of the City of Miami Beach, to-wit: on 6th Street near Jefferson Avenue in said City, although not acting in self defense nor in the performance of your duties, you withdrew your service pistol from its holster and threatened to use it against one Robert L. Appleget and you did then and there strike and beat the said Robert L. Appleget and use vulgar and profane language and thereafter, on said date, at or about 6:30 o'clock P. M., in the City Police Station in Miami Beach, Florida, you used vulgar and profane language and threats and demanded admission to the private office of one of your superior officers to-wit: Capt. W. M. Martin, and threatened to kick down the door of said officer if you were not admitted."

Handberry appealed from the disciplinary action taken by the Chief of Police and City Manager and a hearing was held before the Personnel Board of the City in accordance with the provisions of Section 9 of Chapter 18696, supra. At the conclusion of the hearing the Board made the following findings:

"The Personnel Board find that Mr. J. E.. Handberry is guilty as charged of Conduct Unbecoming an Employee of the City of Miami Beach; but further finds that, because of mitigating circumstances shown by the evidence, that the removal of Mr. Handberry is not warranted and is harsh and unjust.

"It is therefore ordered that the order of removal appealed from be and hereby is, cancelled, but without prejudice to the right of the Chief of Police and the City Manager to take such other and different disciplinary action (not in conflict with the findings of this Board as herein expressed) as they may deem appropriate."

A copy of this finding was filed with the Chief of Police and City manager, but the officials refused to reinstate Handberry or to cancel or annul the order of removal. Thereupon Handberry instituted a mandamus proceeding to secure reinstatement to service. This appeal is from a peremptory writ issued by the circuit court commanding the Chief of Police and City

Manager "to proceed in accordance with the finding and order of the Personnel Board . . ."

The sole question involved is whether the provisions of Section 9, Chapter 18696, Special Acts 1937, creating the civil service system for the City of Miami Beach, empower the Personnel Board of the City to cancel and annul an order removing an employee which has been made by "the officer having authority to appoint a successor," upon a finding by the Board that the employee is guilty as charged of "Conduct Unbecoming an Employee of the City" but that "because of mitigating circumstances . . . the removal . . . is not warranted and is harsh and unjust."

Section 9 of Chapter 18696, Special Acts, 1937, provides as follows:

"Any officer or employee in the classified service of the City who has completed the working test period may be suspended, reduced in pay or class or removed by the officer having authority to appoint a successor, in the manner prescribed in this section as supplemented by the rules of the Personnel Department. A written notice of the suspension, reduction, or removal, stating the reasons therefor and when it is effective, shall be given to such officer or employee or mailed to his usual place of residence. Such officer or employee within five business days after the delivery or mailing to him of such written notice may appeal in writing to the Personnel Board for a hearing. The Personnel Board shall immediately fix a place and a time not later than five business days after such appeal for holding a public hearing, at which the officer or employee suspended, reduced or removed shall have the right to appear and be heard in person. The Personnel Board may, at the request of the officer ordering the suspension, reduction or removal, or of the officer or employee whose suspension, reduction or removal has been ordered, call other persons for the purpose of ascertaining the facts. The Personnel Board may make any further investigation which it thinks proper. Within forty-eight hours after the completion of the public hearing or such investigation, the Personnel Board shall report its findings which shall be conclusive. A copy of the written statement gave the officer or employee, a copy of any written

reply thereto and a copy of the findings of the Personnel Board shall be filed as a public record in the office of the Personnel Department."

From the wording of this statute, we think it is plain that the authority and responsibility for removing an employee who is in the classified service of the City rests solely with "the officer having authority to appoint a successor." The action of the appointing officer in removing an employee from service is subject to review by the Personnel Board, in case the aggrieved employee requests a hearing. Upon such review the sole function of the Board is to ascertain whether the facts which are made the basis of the ground for removal are true or false and, if true, whether they are sufficient to sustain the ground for removal.

Under the rules promulgated by the Personnel Department, twenty different and distinct irregularities of conduct are stated by the Personnel Department to constitute "sufficient cause for removal" of an employee from service. These rules have been duly approved by the Personnel Board. One of these irregularities of conduct is that the employee "has been guilty of conduct unbecoming an employee of the City."

When Handberry appealed to the Personnel Board for a review of the action of the Chief of Police in removing him from service he asserted as grounds for review (1) that he had not been guilty of conduct unbecoming an employee of the city; (2) that the facts stated in the specifications contained in the notice given him by the Chief of Police did not in law constitute conduct unbecoming an employee; and (3) that at the time and place mentioned in the notice, he was not on duty in connection with his employment by the City, and that the things set forth in the specifications were wholly unconnected with any of the duties of such employment.

The Personnel Board conducted a public hearing and heard evidence on the issue. At the conclusion of the hearing the Personnel Board found that "Handberry is guilty as charged of Conduct Unbecoming an Employee of the City of Miami Beach . . ." In making such finding the Board necessarily had to find that the facts stated in the specifications furnished the employee had been proven by competent evidence, *and*

*that such facts were sufficient to constitute "conduct unbecoming an employee of the City," within the purview of the rules promulgated by the Personnel Department.*

Whether these findings of fact are true, or whether being true, they are sufficient as a matter of law to constitute "conduct unbecoming an employee" is a matter which has not, and may not, be raised in this proceeding.

The question before us is whether, assuming the findings by the Board to be correct, the Board may restrict "the officer having power to appoint a successor" in the type of disciplinary action to be taken by him in dealing with the particular employee involved. We do not think that it has such authority under the statute.

Having made the findings it did on the issues presented, and having filed them "as a public record in the office of the Personnel Department," as directed by the statute, the functions of the Board were at an end, in that particular controversy. The disciplinary action to be taken thereafter on the findings was, under the statute, the sole responsibility of "the officer having authority to appoint a successor."

It follows, from the conclusions we have reached, that the judgment appealed from must be reversed.

It is so ordered.

THOMAS, C. J., TERRELL and BUFORD, JJ., concur.