WHITE, Associate Justice.
This is an appeal from a declaratory decree settling a dispute between a city manager on the one hand and several civil service board members on the other, regarding their respective rights in the matter of removing civil service employees of the municipality from civil service status.
Upon review we find that the Chancellor has correctly decided the question, and we consider it unnecessary to add to his opinion, which we here set forth:
“This matter is before this Court on a Bill for a Declaratory Decree filed by the City Manager of the City of St. Petersburg, seeking a declaration as to his rights and duties as city manager to appoint and remove classified employees under the Civil Service System in effect in said city.
“The city manager contends that only he has the right to appoint classified employees under Civil Service and" to remove them subject only to and after an investigation into the truth or falsity of charges filed by him with the Commission.
“The Civil Service Commission and the nine employees discharged by the manager contend that the Commission, — not the manager — is vested with the power of imposing punishment and thus the power of removal and that the manager can only carry out such punishment as is imposed by the Commission.
“The facts are not in dispute. They are these: Charges under Sec. 5 T of Rule VII were preferred by the manager against the nine employees involved, which charges specified absence without leave, the manager in his charges stating that the charges were for dismissal. On January 10, 1952, the Commission held a hearing on the charges and found the nine men guilty as charged of violation of Section 5 T.of Rule VII but found that the offense did not merit dismissal, and imposed a sixty day suspension on the men, after which they were to be restored to duty. The manager disregarded this latter phase of the Commission’s finding and dismissed the men on January 28, 1952.
“Hence the question arises — who has the right to appoint and discharge classified employees of the city of St. Petersburg, — the city manager or the Civil Service Commission? — and as I see it, this is the only question involved *775 and that needs to be answered. This Court is not concerned with the guilt or the innocence of the employees, nor with the severity of the punishment or lack of severity thereof.
“To arrive at the answer to this problem it is necessary to examine the provisions of the law creating the Civil Service Commission in St. Petersburg. It was created by Chapter 18,890, Special Acts of 1937, and amended by Chapter 21,552, Special Acts of 1941.
“Section 25 of the Act provides:
“ 'The City Manager shall have the power and authority to appoint and remove employees covered by this Act, subject, however, to the terms and provisions herein contained.’
“The only limitation on this power of the city manager is contained in Section 12 of the Act, the pertinent portion of which says:
“ ‘No officer or employee in the classified service * * * shall be removed or discharged, except for cause, upon written charges and after opportunity to be heard in his own defense. Such charges shall be investigated by or before said Civil Service Commission * * *. The finding and decision of such commission * * * shall be certified to the City Manager and shall be forthwith enforced by said City Manager * * ”
“This Section 12 deals only with the right or power of the city manager to remove employees from the Classified list. It does not mention his right or power of appointment and nowhere else in the Act does there appear any limitation upon his power of appointment except the requirement that such employees must be appointed from a list of eligibles certified to him by the Commission. This is not a limitation on his power of appointment but is at most a restriction of appointment to that list. His power of appointment comes from the Charter of the City of St. Petersburg itself as well as from the provisions of Section 25, supra. At no place in the Act does there appear to be any power of appointment in the commission. Thus there can be no question as to the manager’s right of appointment.
“The Civil Service Commission has rule-making power and pursuant thereto prescribed absence without leave as an offense for which an employee, if found guilty, could be dismissed.
“In a City Manager form of government, under which the city of St. Petersburg operates, there can be only one administrative head of that government—the city manager. He alone is responsible for the successful management and operation of the city from an administrative standpoint. He is accountable to the City Council and it to the people.
“The Civil Service Commission is not accountable to anyone for anything. In this instance it is set up to see that employees are not discharged until after charges are preferred and are investigated by it as to truth or falsity thereof, with the accused employee being given the opportunity to be heard before it as to his guilt or innocence.
“Section 25, supra, gives the city manager authority to appoint and remove, this latter power being subject to certain safeguards provided by Section 12, supra. There can be no divided authority to appoint and remove, nor can such a Board or Commission as this have such power. The power to appoint carries with it as its concomitant-the power to remove.
“Section 12, therefore, is a limitation on the city manager’s power of removal in Section 25 only to the extent of insuring a fair hearing to the employee of charges preferred against him by the manager or under his direction. Section 25 does not give the Commission any power to impose punishment. The Commission only determines the bona fides of the charge, the guilt or innocence of the accused, and the actual removal or discharge after charges have been sustained and *776 guilt established by the Commission is lodged in the city manager. Conceivably, the city manager, after the Commission had established guilt, could impose a lesser penalty than dismissal should he find mitigating circumstances.
“This case, in my opinion, falls squarely within the pronouncement of the Supreme Court in Florida, in Simpson v. Handberry, 159 Fla. 805, 33 So.2d 31, wherein in 1947 a similar Civil Service Act of the City of Miami wás involved was construed. That case sought to coerce the reinstatement of a police officer who had been found guilty by the Personnel Board of conduct unbecoming an officer. The Board found certain mitigating circumstances in the offense, yet found and adjudged guilt and cancelled the removal order entered by the Chief of Police. The Chief of Police refused to accede to the' order of the Board and refused to reinstate the officer. Mandamus proceedings were filed and the Supreme Court said in construing the power of the Board there:
“ ‘the Personnel Board on review (here our Civil Service Commission) has power only to find whether there has been a violation of rules, and the disciplinary action to be taken on such findings is the sole responsibility of the Chief, the officer having authority to appoint ‘ a successor.’
“The only difference between that case and the case at bar is that under the Miami Act the discharged employee had to make the move to appeal to the Personnel Board, and in the St. Petersburg Act the investigation, after charges were preferred by the manager or someone in his behalf, must be heard by the Board before any punishment can be imposed. This is a distinction without a difference.
“With all due deference to the Civil Service Commission, let it be said, as I believe has been conceded by counsel for the city, that it had previously been given a legal opinion by its counsel .that it had power to impose punishment after adjudicating guilt, and had actually done so, which point was raised by the nine employees in their answer, that is, that by acquiescence in the imposition of .punishment in other cases theretofore decided by the Commission the city manager was not necessarily estopped to question this power, but precluded by such acquiescence to do so. This can be answered very shortly. The power was never questioned before but it is now. Acquiescence in acts or authority exercised, of however long duration, when never questioned,- and if that power never existed, cannot in and of itself breath [sic.] life, existence, or authority into a body or commission. Especially is this true, or should be, in public or municipal law. Such .advice given to the Commission as to its power should have been changed or corrected by its attorneys after the Simpson v. Handberry case in 1947.
“The Commission also 'raised the question and contended that in its opinion it found the' nine employees not guilty of absence without leave but at most only of excusable absence. This is not the case. They were specifically charged with violation of Section 5 T of Rule VII which is ‘absence without leave’. They were found guilty ‘as charged’ of that charge and specification. True in the next paragraph they stated that the absence was excusable as provided by Rule VIII, Section 5, but there is no such offense as excusable absence without leave. If absence is excusable, it is not without leave.
“Having determined that the city manager is. the only one who has the right to appoint and remove, that is, to hire and fire, the removal power being subject to a fair hearing as to guilt or innocence on written charges before the Commission, whose function is like that of a jury with the right only to adjudicate guilt or innocence, the concluding paragraph of their opinion and order can only be advisory to *777 the city manager who may or may not follow it, whereupon
“It is the opinion and order of this Court that the duties of the city manager of the city of St. Petersburg include the power to appoint from a list certified by the Commission as eligible and the power to remove employees of the classified service of the city of St. Petersburg, the latter power being subject only to the limitation thereon as to a hearing by and before the Civil Service Commission by the accused employees and an adjudication of guilt or innocence thereon by the Commission without any authority on the part of the Commission to impose punishment for the offense or to limit any punishment that the city manager may impose after an adjudication of guilt by the Commission.
“It Is Further Ordered, Adjudged, And Decreed that the relief sought by the discharged employees to reinstatement and for back pay, be, and the same is hereby denied.”
Affirmed.
TERRELL, MATHEWS and DREW, JJ., concur.
SEBRING, C. J., and THOMAS and ROBERTS, JJ., dissent.