MILLEDGE, STANLEY, Associate Judge.
This is an appeal from a final judgment quashing an alternative writ of mandamus. The petitioner in the circuit court is a police investigator in the Department of Public Safety, Metropolitan Dade County, Florida, who was dismissed on July 29, 1958 by the Metropolitan sheriff on charges that (1) he had attempted to recruit the services of members of his department to engage in political and revoluntionary activities against a foreign government, and (2) he had failed to report such activities to local or federal authorities. Petitioner appealed to the Personnel Advisory Board of Dade County, which, after a hearing, found that “the charges are not sustained according to evidence presented at hearing” and recommended that the employee be reinstated to his former position with all rights and emoluments. The county manager reviewed the evidence and recommendations of the Board, and on March 16, 1959, agreed with the Board that charge (1) had not been sustained, but found that charge (2) had been. The county manager *673 directed that the employee be reinstated to duty at his former classification but without pay from July 29, 1958, to March 30, 1959.
On the petition of the employee, the circuit court issued an alternative writ to the county manager and the county, directing payment of the salary accrued during the period of suspension and to “do any and all things and take and any all steps which shall be necessary to effect all the emoluments and rights due the petitioner,” or show cause why a peremptory writ should not issue. On the motion of respondents, the alternative writ was quashed.
We think that the circuit judge was correct. The petition failed to allege that petitioner had no other remedy or that other available remedies were inadequate. See State ex rel. Eldredge v. Evans, Fla.App.1958, 102 So.2d 403. The petitioner alleged that he had anticipated with confidence the accrual to him of the retirement and pension rights, seniority rights and insurance benefits, and any and all other emoluments of said office to which he would be entitled and continue to receive as long as he remained in the service of said county. He said that he has been unjustly and illegally deprived of these rights. What these rights are and by what means he has been deprived of them he does not say, nor does he show that some other remedy is not available if he has been wrongfully deprived of his rights. Assuming that he is entitled to back pay, he makes no showing that an ordinary action at law is not adequate. The writ of mandamus does not issue as a matter of right but in the exercise of sound judicial discretion. See State ex rel. Holland v. City of Eau Gallie, Fla.1953, 65 So.2d 877.
The county manager disagreed with the Personnel Advisory Board as to the sufficiency of the evidence to sustain charge (2), failure to report the unlawful activities of fellow officers. If the court is to review the record of an administrative proceeding, it must be by certiorari. Florida Appellate Rule 4.1, 31 F.S.A.; De Groot v. Sheffield, Fla.1957, 95 So.2d 912. As pointed out in that case, in mandamus, an original proceeding: “The record and evidence are made and offered in that proceeding.” Appellant contends that the findings and recommendations of the Personnel Advisory Board, if supported by substantial evidence, must be upheld by the county manager. However, since an examination of the quality of the evidence involves appellate review, not an original proceeding, the trial court was eminently correct in quashing the alternative writ, and dismissing the cause.
The judgment appealed from is affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.