HORTON, Chief Judge.
The City of Miami has appealed from a judgment awarding a peremptory writ of mandamus. This peremptory writ required the appellant to instate the appellee, Malcolm D. Houston, in the office, rank, or position of police sergeant in the division of police of the City of Miami, and to pay him the compensation of such office from September 25, 1956. .
The appellee’s name was on a list for consideration for promotion to police *460 sergeant; however, at the time the city-had a promotional opening to this position, he was awaiting trial in the criminal court. Because of this pending trial, the chief of police requested permission of the Civil Service Board to bypass the appellee’s name and promote the man whose name appeared next in line on the list to the position of police sergeant. The minutes of the Civil Service Board meeting of September 25, 1956, indicate:
“The Board unanimously approved the request of Chief of Police Walter E. Headley to by-pass the name of Malcolm D. Houston on the Police Sergeant eligible register to permit the promotion of Policeman lst-Class William A. Smith to Police Sergeant. They noted Chief Headley’s request to indicate that Officer Houston had been charged with a felony on which there has been a mistrial and the further information he will be tried again.”
In accordance with the Board’s approval, appellee’s name was bypassed and another man was promoted to the position of police sergeant.
The determinative question is whether or not mandamus was the proper remedy to require the City of Miami to promote ap-pellee to the position of police sergeant, and to obtain the emoluments of that office.
Mandamus generally is a remedy to command performance of a ministerial act which the person deprived has a right to demand. There must be a showing of a clear legal right to the issuance of the writ and that no other adequate remedy exists. State ex rel. Eldredge v. Evans, Fla.App.1958, 102 So.2d 403. See State ex rel. Allen v. Rose, 123 Fla. 544, 167 So. 21; Rice v. Arnold, Fla.1950, 45 So.2d 195; State ex rel. Mann v. Burns, Fla. App.1959, 109 So.2d 195; O’Brien v. Campbell, Fla.App. 1960, 118 So.2d 672.
The Civil Service rules and regulations of the City of- Miami provide, in Rule VII, Section 6, that the name of an employee on an eligibility register may be passed over under unusual conditions satisfactory to the Board, and further provides that a request of this nature shall be submitted in writing by the department director, giving specific reasons for passing over the name of the eligible employee. The police chief abided by and acted in accordance with the provisions of Section 6, and the appellee’s name was bypassed only after consideration and approval of the Civil Service Board as indicated in its minutes. There has been no showing of a legal duty upon the appellant to promote the appellee to the office of police sergeant, nor is there presented a clear legal right in the appellee to be so promoted.
Further, it appears that the appellee by his action actually sought review of the proceedings before the Civil Service Board. In this connection, we observe that mandamus is an original proceedings and, therefore, not the proper method to seek review of the Civil Service Board’s action. See De Groot v. Sheffield, Fla.1957, 95 So. 2d 912; O’Brien v. Campbell, supra; Rule 4.1, Florida Appellate Rules, 31 F.S.A.
For the reasons herein stated, the judgment appealed is reversed with directions to quash the writ and dismiss the petition.
Reversed with directions.
CARROLL, CHAS., J„ and MIL-LEDGE, STANLEY, Associate Judge, concur.