### BLANCHARD v. PENSACOLA CIVIL SERVICE BOARD, et al.

Circuit Court, Escambia County.

November 30, 1962.

Phillip D. Beall, Jones, Beall & Sims, Pensacola, for petitioner.

David H. Levin, Levin & Askew, Pensacola, and F. Churchill Mellen, Pensacola City Attorney, for respondents.

ERNEST E. MASON, Circuit Judge.

This is a proceeding in mandamus wherein the petitioner seeks to have this court order his reinstatement as airport manager of the city of Pensacola. The issues to be decided are raised by respondents' motion to quash the alternative writ as twice amended. The writ is directed to the members of the civil service board and to the city manager of said city. It, and its several amendments, allege that prior to February 22, 1962, petitioner was a civil service employee of the city of Pensacola in the capacity of airport manager, and had so been for over 25 years. That respondent city manager preferred charges on February 2, 1962, against petitioner under the civil service laws applicable to said city and recommended that the respondent civil service board members sustain said charges and dismiss petitioner. That within five days after service upon him of copies of the charges petitioner demanded a hearing before the civil service board, and that the hearing was held on February 22, 1962. That there were five charges of alleged misconduct preferred against the petitioner by the city manager; that upon the hearing had before the civil service board the latter determined that two had not been sustained by the evidence adduced in support thereof but that the remaining three charges were sustained and that "the dismissal as recommended by the city manager be upheld."

The three charges alleged in the alternative writ as having been sustained by the board are set out in the writ as follows —

"(a)    That petitioner 'deliberately and wilfully caused a conflict of interest by assisting one Ralph S. Green, his em-

ployee, to secure a contract with the city for demolishing a hangar at the airport for the sum of $500 plus the salvage;' That Blanchard represented to the city that he had no interest in this contract and that Green was the owner of Interstate Salvage Company, which submitted the bid. That these representations were false in that Blanchard 'owns an interest in and is active manager of Interstate Salvage, all to Blanchard's profit and advantage . . . ' That he provided the heavy equipment for the job and his office (Blanchard Construction Company) as headquarters, and that he caused the demolished hangar to be moved to his adjoining property.

"(b) That he set up a concession in the terminal building for Eastern Airlines whereby resting quarters were provided for personnel, and that he received moneys therefor 'without remitting to the city'.

"(c) That he entered into two contracts with Shell Oil Company and Standard Oil Company for construction of underground oil storage tanks at the municipal airport while he was manager for which he secured compensation — and that this created a conflict of interest because he was 'Contractor and Airport Manager charged with the duty of judging the quality of the work.' "

It is to be noted that this proceeding is an original one in mandamus. This court is not called upon to *review* the decision of the civil service board but is called upon in an original proceeding to coerce the respondents to reinstate petitioner to his position or employment as airport manager on the assumption that there exists a clear legal duty on their part to do so. Such a clear legal duty exists only if their act in removing him was completely void and not simply voidable. Under applicable appellate rules in this state an appellate review of the rulings of the civil service board must be by the appellate procedure of certiorari (Florida appellate rule 4.1). Mandamus is not a substitute for, and cannot be resorted to in civil proceedings to subserve the purpose of, an appeal. Hence, mandamus will not lie, as a rule, where there exists the remedy of review by appeal or by certiorari. An application for writ of certiorari must be by petition filed in the court within 60 days from the rendition of the decision, order, judgment or decree sought to be reviewed (Florida appellate rule 4.5(c)(1)). No such application was made by petitioner within the prescribed time and he thus lost his right to have the decision of the civil service board reviewed by certiorari.

That the decision of the board in dismissing petitioner could have been reviewed by certiorari had application therefor been timely made is evident from the fact that the record before the court clearly shows that such decision was a quasi-judicial one —

that is to say, one entered pursuant to statutory notice and a hearing involving quasi-judicial determinations. (Teston v. City of Tampa, Fla., 143 So.2d 473).

Respondents have moved to quash the alternative writ on the ground that it does not state, in its original form and amendments thereto, sufficient cause for the issuance of the court's peremptory coercive writ. The basis of respondents' contention is that petitioner had an adequate remedy of review by certiorari and having failed to exercise it shows now no clear legal right to the court's coercive writ of mandamus.

Petitioner, however, contends that the order or decision of respondents removing him from his employment is completely void (not simply voidable) and that, therefore, he has a clear legal right to have this court force respondents to perform the clear legal duty of restoring him to his position even though he may have had the matter reviewed by appropriate appellate procedure timely applied.

Having failed to resort to certiorari to have the matter of his removal reviewed by this court in an appropriate appellate proceeding, this court is of the opinion that it would not be justified in issuing its peremptory writ of mandamus unless the record before it convinces the court that the order of dismissal of petitioner was so impregnated with error as to amount to a nullity. Not an order resulting merely from procedural errors so as to be voidable only and subject to be set aside by a *reviewing* tribunal, but one so devoid of due process as to be completely void, and thus subject to collateral attack such as is mandamus.

It would be so devoid of due process so as to justify its attack in a collateral proceeding only if the forum rendering it was without power or jurisdiction to render it, or if it were rendered upon charges not authorized by law. It would not be subject to collateral attack to question the quality of the evidence adduced to support the charges.

The grounds alleged by petitioner as the basis for his charge that the order for his dismissal is void and not merely voidable are — (1) That the board failed to make and certify specific findings of fact as a predicate for its judgment of guilt of the charges and subsequent dismissal of the petitioner, (2) That the charges were not sustained by substantial evidence, (3) That required procedure was not followed as a predicate for the order, (4) That respondents did not accord to the petitioner a hearing upon the charges within the time prescribed by law, and (5) That the respondents Macon, Elebash and Rein who purported to act as and to constitute the civil service board of the

city of Pensacola on February 22, 1962, had not been properly elected and chosen as such civil service board, and did not legally constitute such board, and that the adjudication by them of petitioner's guilt of such charges and his subsequent dismissal predicated thereon are void and of no effect.

Before considering the specific grounds relied upon by petitioner as the basis for his claim that his order of dismissal is void, and in connection with the court's pronouncement that a dismissal predicated upon charges not authorized by law would be sufficient cause for the issuance of the court's coercive writ of mandamus, the court has examined the charges as specified by petitioner as having been the ones upon which he was dismissed. These charges, though somewhat unartfully drawn, are sufficient to charge acts of misconduct on the part of petitioner which, if determined to be true by the civil service board, would justify his dismissal under the civil service law governing civil service employees of the city of Pensacola.

The court will treat grounds (1), (3) and (4) together, as they involve procedural errors alleged to have been committed by respondents. Being alleged procedural errors not charging the lack of essential due process they could be raised only in a direct attack on the order by certiorari proceedings, not in this collateral attack by way of application for mandamus. Having failed to apply for a review of these alleged errors by certiorari within the time prescribed by the Florida appellate rules, petitioner cannot now avail himself of them in this original proceeding of mandamus.

Ground (2) alleges that the charges were not sustained by substantial evidence. Here again the court cannot review the record of a quasi-judicial proceeding in a mandamus action which, is, as we have said, an original action and not an appellate proceeding. (O'Brien v. Campbell et al, Fla., 118 So.2d 672.) An examination of the quality of the evidence involves appellate review, not an original proceeding.

As to all of the first four grounds, petitioner had an adequate remedy by way of certiorari to review these alleged errors. He failed to avail himself of this remedy within the time prescribed by law, and this court cannot review them in this collateral proceeding.

The final ground relied upon by petitioner is that the respondent civil service board which ordered his dismissal was not properly constituted at the time because it is alleged that the member thereof selected by the civil service employees had not been properly and legally elected. Petitioner charges that the

present civil service law governing the election of board members (chapter 61-2654, Special Acts of 1961) requires that the city council of the city shall call an election for the selection of such board member within five days after the law became effective and shall hold the election within thirty days after such effective date, but that the election was called several hours before the law became effective and was held thirty-three days after such date. It is evident from the resolution passed by the city council, made a part of the alternative writ herein by reference thereto, that the election was called several hours before the present law became effective and that the election was held thirty-three days thereafter. However, at the time the council called the election by the adoption of the resolution chapter 16,867, Laws of 1935, was in effect, and that law had the same identical provision for calling and holding such election. It is not alleged that the failure to wait until the new law became effective and to call the election within five days thereafter, or that the actual holding of the election thirty-three days thereafter, prevented any civil service employee otherwise entitled to vote from voting in the election, nor that the result of the election would have been different had the time schedule fixed by the statutes been literally followed. Nor is it alleged, nor does it appear from the record before the court, that such departure was induced by any corrupt or fraudulent motives, but on the contrary the record would indicate that such departure resulted purely from mistake. Furthermore, it is not alleged that the result of the election did not express the will of the voters participating therein. The statutory times for calling and holding the election should be construed, for the purposes of this action where a collateral attack is made upon the election, as directory and not mandatory. (See Rainwater v. State, Ala., 187 So. 484, 121 A.L.R. 981, and cases therein cited.) The defects complained of might have been fatal if raised before the election was held, but they were cured by the election itself, in the absence of any allegation that the result of the election would have been otherwise if such defects had not existed. (See 8 Fla. Law and Practice, page 428, § 191; Pearson v. Taylor, Fla., 32 So.2d 826).

Petitioner not having alleged any denial to him of substantial due process, and having failed to take advantage of any alleged procedural errors in his dismissal by appropriate appellate proceeding, and not having alleged any clear legal right to the court's coercive writ of mandamus, the petition therefor should be denied.

It is, therefore, the order of the court that petitioner's petition for peremptory writ of mandamus be and the same is denied, and the alternative writ, and all amendments thereto, be and they are hereby quashed.