PER CURIAM.
This appeal is from a preemptory [sic] writ of mandamus issued against appellant as the City Manager of Miami, Florida.
*491 The appellees, Jay Golden and Robert C. Stanton, were a lieutenant and sergeant, respectively, with the police force of the City of Miami at the time they filed their petition for a writ of mandamus against the City Manager. They alleged that the city had passed and adopted resolution #38248, which provided:
******
“WHEREAS, the City Commission is desirous of implementing the new salary adjustments as soon as possible; and
WHEREAS, the City Manager reports there is sufficient accumulated salary reserves to fund the increases in salaries and wages heretofore authorized to become effective on January 1, 1967;
NOW, THEREFORE, BE IT RESOLVED BY THE COMMISSION OF THE CITY OF MIAMI, FLORIDA:
That the City Manager is hereby authorized and directed to effect necessary transfers from Salary and Wages Accounts to implement the pay schedule previously approved in the 1966-67 Budget and such new salaries and wages to become effective January 1, 1967.
PASSED AND ADOPTED this 12th day of December, 1966. * * * ”
* * * * * *
The officers alleged that although the City Manager was authorized to effect these monetary transfers in order to implement all approved pay schedules; that he had refused to carry out the requirements of the resolution and that they have not received the new salaries and wages to which they were legally entitled under the resolution.
The appellant, City Manager, has challenged the procedure followed in the trial court for the issuance of the permanent peremptory writ; claiming that it was not proper procedure for the trial and disposition of this cause. In view of our determination of this matter on the merits we will not discuss the procedure followed below but do not wish this opinion to be construed as approving the same.
The officers contend that they were clearly entitled to pay raises from the City of Miami, Florida, notwithstanding the fact that the resolution makes no specific references to pay raises for any specific persons. Mandamus is a legal remedy in which a petitioner must establish a clear legal right before the writ will issue. There must be no other adequate remedy. It is a remedy to command performance of a ministerial act and may not be used to control a discretionary act. See State ex rel. Long v. Carey, 121 Fla. 515, 164 So. 199 (1935); City of Miami v. State ex rel. Houston, Fla.App.1960, 120 So.2d 459; and State ex rel. Eldredge v. Evans, Fla.App.1958, 102 So.2d 403.
Section 90 of the Charter of the City of Miámi vests in the City Manager the authority to fix the salaries or compensation of these particular employees (police officers). The only restriction on his authority under the Charter is that “the salaries or compensation shall be uniform for like service in each grade of the service as the same shall be graded or classified by the City Manager in accordance with the rules and regulations adopted by the civil service board.”
Section 7 of Ordinance #7480, City of Miami, empowers the City Manager with the authority to fix, adjust, raise, or lower salaries in the efficient administration of all departments whenever it has been determined by him to be in the best interest of efficient and economical administration of the City of Miami and all its departments. A review of the record in this case shows that there was no schedule of payments for any specific persons attached to, incorporated in, or made a part of the resolution involved herein. The record on appeal does not reflect any schedule of payments for any persons employed by the city. A reading of the resolution indicates that it simply authorized the City Manager to transfer monies from certain accounts *492 to implement the pay schedule previously approved in the 1966 and 1967 budget. It did not direct or authorize the City Manager to specifically raise the salary of every individual employee of the City or of these two specific emloyees. Under the Charter and the Ordinance, the City Manager is granted discretion and judgment in the fixing of the salaries of employees so long as it is uniform for like service in each grade of the service and mandamus does not lie to compel a discretionary action. The officers contend that in order for the City Manager to deprive them of pay increases, a Civil Service Hearing was necessary and that the burden of proof in not granting the pay increases to these employees was upon the City Manager. The pertinent .provisions of the Civil Service rules, to which they allude require, in part, a Civil Service Hearing when an employee is suspended, fined, removed or reduced in grade. [See Rule 16, Section 1, Civil Service Rules], In our opinion, this provision is not applicable inasmuch as the question involved herein is simply whether the ap-pellees were entitled to an automatic, or mandatory increase in their salaries because of the aforesaid resolution.
 Under the facts and circumstances of this case, we find that the writ of mandamus should not have issued inasmuch as there was no clear legal right to the issuance of the writ since the actions of the City Manager were subject to his discretion under the Charter and Ordinances of the City of Miami, Florida. The preemptory [sic] writ commanded the City Manager to pay the increased salaries to the appellees as long as they were in the employ of the City of Miami. This completely takes away any discretion from the City Manager or the superior of the appellees and requires the city to continue to pay these salaries in the future regardless of the conduct of the appellees.
For the above and foregoing reasons the order appealed from is hereby reversed and the cause remanded to the trial court with instructions to quash and dismiss the permanent preemptory [sic] writ of mandamus.
Be it so ordered.