PER CURIAM.
This appeal is from a judgment of the circuit court upholding an order of the city manager of the City of Miami by which a police officer was dismissed following hearing before the Civil Service Board on seven charges of misconduct. The Board found the officer not guilty on certain of the charges, and guilty on others, and recommended that the officer be suspended for a period of four months and that he then serve in a probationary status for one year. The city manager entered his decision or order which sustained the findings of the Board as to the appellant’s guilt or innocence of the respective charges, but ordered dismissal, in conformity to the original action of that character which had been taken by the chief of police.
The judgment of the circuit court denying certiorari recited the facts of the case, and included the following:
“5. The Judgment was based on the Respondent’s finding that the Board’s findings on Petitioner’s guilt and innocence were sustained by competent and substantial evidence and upon his further finding that there was no cogent reason to lessen the penalty of dismissal which had originally been imposed. It adjudged the Petitioner to be not guilty of charge No. 1, charge No. 2, charge No. 3 and charge No. 7, but guilty of charge No. 4, charge No. 5 and charge No. 6; further, that the Petitioner be dismissed from his employment effective as of August 11, 1970.
*574 “6. This Court has examined the entire Record and carefully considered all of the points raised by Petitioner. An Analysis of the charges indicates that they were sufficiently specific and factual to permit a simple finding of guilty or innocent. Those charges of which the Petitioner was found guilty were indeed proven by competent and substantial evidence. All of the essential requirements of the law are found to have been met and the Respondent acted within his power in setting dismissal from employment as the penalty.”
The findings of the Board were supported by competent substantial evidence. The penalty imposed was within the range authorized for charges of which guilt was established. The city manager was not limited to the penalties recommended by the Board. The Board’s recommendation as to penalty could be followed or disregarded by the city manager in imposing punishment. The prerogative of the city manager in this respect is well settled. See Simpson v. Handberry, 159 Fla. 805, 33 So.2d 31; Baynard v. Windom, Fla.1953, 63 So.2d 773; State ex rel. Eldredge v. Evans, Fla.App.1958, 102 So.2d 403.
Affirmed.