PER CURIAM.
Appellant-petitioner John Moneyhun, a former Dade County Sheriff’s Deputy, seeks review of a circuit court order dated July 30, 1971, which denied his petition for an alternative writ of mandamus. The petition was filed in July, 1971. It prayed that he be reinstated with full rights. It alleged that the witnesses against him Charles Celona and Charles Rogers perjured themselves at the evidentiary hearing before the hearing examiner, and that Rogers would so testify.
The underlying facts are not disputed. On April 7, 1970, Moneyhun was dismissed from his employment as a deputy sheriff by appellee-respondent Sheriff E. Wilson Purdy, with dismissal being effective that day. The reasons given were that Money--hun had been “guilty of conduct unbecoming an employee of the County” allegedly because in early October, 1968, while on duty he took one or more guns from the Seminole Gun Shop, 3214 N.W. 14th Street, Miami, Florida, without authorization, following a burglary of that store. Petitioner filed an administrative appeal and at the evidentiary hearing Charles Ce-lona and Deputy Rogers testified. In June, 1970, the hearing examiner sustained the action of the Sheriff in dismissing the petitioner. A grand larceny charge against Moneyhun was later brought and dismissed.
The circuit court issued a rule nisi. Respondent filed a response and legal memorandum. The court entered a final order discharging the rule and denying the alternative writ, relying upon O’Brien v. Campbell, Fla.App.1960, 118 So.2d 672 and State ex rel. Eldredge v. Evans, Fla.App.1958, 102 So.2d 403.
Appellant contends that the circuit court erred in dismissing without an evidentiary hearing his petition for mandamus where: (1) the sworn petition alleged that respon *506 dent used perjured testimony in the eviden-tiary hearing before the examiner, (2) appellant proffered that the county attorney wilfully suppressed statements before the hearing examiner, which statements would have exonerated the appellant of the charges of “conduct unbecoming a county employee,” and (3) that the conduct of the respondent and county attorney was arbitrary and abusive. Before the circuit court, petitioner further argued and proffered that he did not and could not have known that the testimony was perjured until well after the time for filing a petition for certiorari (directed to review the decision of the hearing examiner under the Code of Metropolitan Dade County § 2-47) had elapsed.
Appellee contends that the circuit court correctly denied the petition for the alternative writ. In particular, appellee states that: mandamus is a discretionary writ; a clear legal right to mandamus must be shown; the writ can not be used to control discretion; and mandamus does not properly issue where facts are disputed. Lastly, appellees argue that the court below relied upon these rules to hold that mandamus can not be a substitute for certiorari to review administrative proceedings and petitioner did not show that there was no other adequate legal remedy.
We express the view that appellant has failed to demonstrate that the circuit court committed reversible error in entering an order discharging the rule and denying the alternative writ of mandamus.
In State ex rel. Eldredge v. Evans, Fla.App.1958, 102 So.2d 403, at 405, the court explained that mandamus is a remedy to command performance of a ministerial act which the petitioner who has been deprived of that ministerial act has a right to demand. There must be a showing of a clear legal right to the issuance of the writ and that no other adequate remedy exists.
The rehiring of Moneyhun by the sheriff would be a discretionary act. Respondent has argued, in fact, that the sheriff lacks the power to rehire the former deputy, and we have found little refutation of this point.
The respondent alleged in its response filed in the circuit court that petitioner had an adequate remedy at law; we are inclined to agree.
Therefore, we affirm the order appealed without prejudice to petitioner seeking such other relief as he is disposed to pursue.
Affirmed.