Mandamus proceeding by C.O. Huttoe against the City of Miami and others to compel petitioner's reinstatement as Lieutenant of the Division of Police-Department of Public Safety of named city. A peremptory writ was issued and respondents appeal.
Affirmed.
On September 12, 1947, the appellee, C.O. Huttoe, was suspended without pay from the Division of Police, Department of Public Safety, by Frank Mitchell, Chief of Police, of the City of Miami, Florida. At the time of suspension appellee was Lieutenant of the Division of Police-Department of Safety. Seventeen grounds upon which the suspension was predicated were set forth by the Chief of Police which were certified to R.G. Danner, then City Manager-Director of Public Safety, City of Miami.
Pursuant to the authority vested in him, Danner authorized the Civil Service Board *Page 820 
to hear the suspension charges as provided by Civil Service Rules and Regulations for hearings, findings and recommendations. Subsequently an additional charge was filed against the appellee. The said Civil Service Board held and conducted hearings on all of the charges. These hearings began on October 18, 1947, and ended on November 24, 1947. Shortly after the conclusion of the hearings the Civil Service Board submitted to the City Manager-Director of Public Safety its findings and recommendations. By a vote of 3 to 2 the Board found that the appellee was not guilty of any of the charges and thereupon unanimously recommended that Huttoe be reinstated.
The City-Manager Director of Public Safety, disregarding the Board's recommendation, found the appellee guilty of nine of the charges and dismissed him from the service. On December 24, 1947, the appellee instituted in the Circuit Court in and for Dade County, Florida, the mandamus proceedings which culminated in the issuance, on May 7, 1948, of a peremptory writ, from which this appeal has been prosecuted.
Counsel for both appellants and appellee refer to this Court's opinions in the cases of Hammond v. Curry, 153 Fla. 245, 14 So.2d 390, and Nelson v. State ex rel. Quigg, 156 Fla. 189, 23 So.2d 136, wherein this Court laid down the rule that findings of fact made by an administrative board in compliance with law will not be disturbed on appeal, if such findings are sustained by substantial evidence.
Such situation is not unusual. It exists because counsel on each side believes that the principle enunciated in those cases is applicable to his position as it is disclosed by the record. So we must determine whether this established rule is applicable in this case and, if it is, to which side of the controversy it should be applied.
The first appearance of this case in a duly constituted judicial tribunal was the filing in the Circuit Court of a petition for an alternative writ of mandamus. The matter had its genesis in the suspension order entered by the Chief of Police. The findings of fact were made by the Civil Service Board which was duly authorized to conduct the hearings. Thereafter, the City Manager-Director of Public Safety reviewed the evidence, the findings and the recommendations.
It is apparent that the members of the Civil Service Board, clothed with authority to make findings and recommendations, heard and observed the witnesses. Therefore, upon review as provided by law, their findings and recommendation appear to call for the invocation of the rule laid down in Hammond v. Curry, supra, and Nelson v. State ex rel. Quigg, supra. The reasons for the rule require its application to the Civil Service Board's findings and recommendation as we understand those reasons. The primary underlying basis of this principle of law is that those parties, or that person, who have, or has, before them, or him, the witnesses whose demeanor and conduct may be observed are, or is, in a much better position to determine the truth or falsity of the evidence than is the person, or the court, who must make such determination upon "a cold typed transcript".
We hold the view that the City Manager-Director of Public Safety should have observed this rule or certainly its quasi counterpart which is the rule to the effect that a Chancellor should give great weight to the findings and recommendations of a Master and follow them unless such findings and recommendations are manifestly against the clear preponderance of the evidence.
In this case it makes no difference which of these principles should have been invoked by the City Manager-Director of Public Safety for under the guidance of either his determination should have been an approval of the Board's findings and he should have accepted its recommendation. We are constrained to observe at this point that the City Manager-Director of Public Safety evidenced, throughout these proceedings, a marked interest in the dismissal of Lieutenant Huttoe. He testified against the appellee and thereafter sat in judgment upon him. His duty only required the latter action. It is our conclusion that the Circuit Judge was not in error when he issued the peremptory writ because we find substantial evidence in the transcript which sustains the findings and recommendation *Page 821 
of the Civil Service Board and that the preponderance of the evidence also upholds the Board's conclusions.
Moreover, there are numerous decisions of this Court to the effect that the ruling of the lower court will not be disturbed unless it clearly appears that error has been committed. Upon our examination of the entire record we are not convinced that error on the part of the learned Circuit Judge is clearly apparent.
There was substantial evidence before the Civil Service Board which we believe supports its findings and recommendation and they are likewise sustained by a preponderance of the evidence. The peremptory writ issued in the court below which, in effect, reversed the action of the City Manager-Director of Public Safety, should be and it is hereby upheld.
Affirmed.
ADAMS, C.J., and CHAPMAN and SEBRING, JJ., concur.