Proceeding between William G. Blanchard and others and J.L. McCord and others. From an adverse decree, the former appeal.
Affirmed.
No novel question of law is presented by this appeal. The primary underlying premise of appellants is that "directors in a corporation cannot use the funds and other assets of the corporation to enhance their own personal fortune". They also contend the law is well settled to the effect that the directors of a corporation cannot engage on their own account in the same business which is transacted by the corporation and if they do so the fruits of their efforts will be held to inure to the benefit of the corporation. Furthermore, any private profits which they have secured will be decreed to be held by them in trust for the corporation.
Another of appellants' contentions is that "Officers and directors of a corporation who sell stock to certain parties upon the express representation that certain oil leases will be acquired by the company and who use the funds of the company in the acquirement of the said leases are estopped from asserting that the property belongs to a partnership composed of the said officers and directors".
With these propositions of law we can find no complaint for such enunciations have been made by this and the courts of last resort in many other jurisdictions. The difficulty with appellants' position is that the rules of law upon which they rely are not applicable herein under the findings of facts as made by the Master and confirmed by the Chancellor.
The record discloses substantial evidence which sustains the findings of facts as determined by the Master and approved, as well as restated, by the Chancellor. Consequently, the final decree from which appeal was taken must be affirmed upon authority of Nelson v. State ex rel. Quigg, 156 Fla. 189, 23 So.2d 136, and cases therein cited. See also City of Miami et al., Appellants v. C.O. Huttoe, Appellee, Fla., 38 So.2d 819.
The Master, as well as the learned Chancellor, should be commended for the painstaking care which the voluminous transcript of record discloses they took in their consideration of this case. Their meticulous attention to detail is particularly praiseworthy.
Two questions raised by appellants do not hinge entirely upon the weight of the evidence. One of these questions revolves around whether the Chancellor abused his sound judicial discretion in assessing all costs against the percentage of the properties involved in this suit found to be individually held by the trustee William G. Blanchard. We dispose of this question by saying that a consideration of the entire record does not lead us to the conclusion that there was an abuse of discretion. *Page 458 
The other question is stated by appellants as follows:
"During the pendency of a suit for Declaratory Decree certain monies were paid into the Registry of the Court by a third person under a formal contract that the same should be held until the entry of a final unappealable judgment. This contract was signed by all parties litigant and by persons who were not parties to the suit. Was this contract valid and binding and should the monies have been held in the registry until disposition by the Supreme Court of an appeal duly taken?"
It is our conclusion that if the lower court in answering this query in the negative committed error such obliquity was harmless. We will not presume that the Chancellor will fail to retain in the registry of the court a sufficient portion of the funds to protect the appellant Blanchard's claims thereto and thereon.
Affirmed.
ADAMS, C.J., and THOMAS and BARNS, JJ., concur.