**STATE ex rel. HOUSTON v. CITY OF MIAMI, et al.**

Circuit Court, Dade County.

July 5 and 12, 1957.

Methfessell & Willis, Miami, for plaintiff.

Jack R. Rice, Jr., Acting City Attorney, and Charles K. Allan, Ass't. City Attorney, for defendants.

ROBERT H. ANDERSON, Circuit Judge.

*Peremptory writ of mandamus:* The alternative writ of mandamus alleges that the petitioner, Malcolm D. Houston, was a policeman of the city of Miami from July 31, 1950 until July 25, 1956, on which latter date he was arrested under orders of the assistant chief of police, charged with breaking and entering and grand larceny. He was tried for these offenses on informations filed by the county solicitor. At the first trial he was acquitted of the charge of breaking and entering, but the jury failed to agree on the count charging him with grand larceny. At a later time he was again tried on the charge of grand larceny and was acquitted.

Thereupon he was suspended by the chief of police for the alleged making of untruthful statements to the assistant chief during the course of an investigation of the crimes with which he was charged. When the matter was brought to the attention of the city manager, he referred it to the civil service board to conduct a hearing and report its findings with a recommendation.

The civil service board conducted a hearing at which the petitioner and the city were represented. Various witnesses were examined. The civil service board, by a vote of three to two, found the petitioner not guilty and reported its findings to the city manager with the recommendation that Houston be found not guilty of the charge placed against him.

Notwithstanding the foregoing, the city manager declared the petitioner to be guilty of the charge preferred against him by the chief of police and dismissed him from the service.

The respondents, in substance, admit the foregoing facts. They contend that the city manager had the power to discharge the petitioner notwithstanding the report of the civil service board.

Under the provisions of section 25 of the charter of the city of Miami as amended it is undoubtedly true that the city manager was not required to refer this matter to the civil service board but in his discretion could have discharged the petitioner upon the recommendation of the chief of police. However, under the permissive features of section 25, the city manager, before passing upon the guilt or innocence of the person suspended, *may* authorize the civil service board to conduct a hearing upon the suspension charges preferred and report its findings and recommendations to him. He

shall then pass judgment upon the person suspended after considering the findings and recommendations of the civil service board.

The testimony before the civil service board is conflicting. It cannot be said that the findings made by it are not sustained by substantial evidence. In these circumstances, the city manager, not having availed himself of his undoubted right to discharge the petitioner without referring the matter to the civil service board, could not ignore the findings made by it supported by substantial evidence. City of Miami v. Huttoe (1949), 38 So. 2d 819.

The petitioner's motion for a peremptory writ is, therefore, granted and the city of Miami, Florida, a municipal corporation in Dade County, and E. A. Evans, as city manager and director of public safety, are commanded to rescind and cancel that certain order or judgment issued by the city manager on March 21, 1956 in and by which he dismissed the petitioner from employment with the division of police of the department of public safety of the city of Miami effective July 25, 1956, and the respondents are commanded to forthwith do any and all things and take any and all action which shall be necessary to effect the reinstatement of the petitioner in and to the office of policeman in such division of police and to pay to the petitioner, Malcolm D. Houston, forthwith compensation of and incident to such office from July 25, 1956.

*Order denying motion for new trial:* The city, in its motion for new trial (petition for rehearing), argues that the court was in error in issuing its peremptory writ of mandamus when it said — "The testimony before the civil service board is conflicting. It cannot be said that the findings made by it are not sustained by substantial evidence. In these circumstances, the city manager, not having availed himself of his undoubted right to discharge the petitioner without referring the matter to the civil service board, could not ignore the findings made by it supported by substantial evidence. City of Miami v. Huttoe (1949), 38 So. 2d 819."

The city argues that under section 25 of the charter the employee shall be allowed the same appeal procedure as set forth in section 65(a). That right, however, is expressly limited by the proviso immediately following that "in the event the offices of city manager and director of public safety are held by the same person (which is here the case), the city manager-director of public safety, before passing upon the guilt or innocence of the person suspended, *may authorize*" the civil service board to conduct a hearing upon the suspension charges preferred by the chiefs of fire or police and to report its findings and recommendations back to said city manager-director of public safety. The city manager-director of public safety

then shall pass judgment upon the person suspended, after considering the findings and recommendations of the civil service board.

. The city argues that if the city manager had not availed himself of the right to authorize the civil service board to conduct a hearing upon the suspension charges preferred the employee could have invoked such a hearing under sections 25 and 65(a), the result of which would be that the city manager would have to hear the charges twice, once before suspension or dismissal and once after the civil service board had made its findings and recommendations. This is not so.

Under 65(a) the employee may only invoke an appeal to the civil service board from a suspension, removal, fine, reduction in grade, or demotion "by the departmental director." He is given no such right of appeal from suspension, removal, fine, reduction in grade, or demotion by the city manager, except as the city manager *may* authorize the civil service board to conduct a hearing on the suspension charges under section 25.

The motion is denied.