## KENNAH, et al v. CITY OF MIAMI.
No. 61 L 1862.

Circuit Court, Dade County.
August 17, 1961.

Cowart & Dollar, Miami, for petitioners.

Edward J. Fitzpatrick and Charles K. Allen, Legal Department, City of Miami, for respondent.

ROBERT H. ANDERSON, Circuit Judge.

On January 16, 1961, about 7 P.M., the petitioners met at the Firestone filling station at Flagler Street and 12th Avenue in the city of Miami. Then and there an altercation ensued between them and one Rogers who was an employee of Firestone. As a result of the altercation Rogers was arrested by petitioners and taken to jail.

On January 27, 1961, the chief of police of the city of Miami wrote the petitioners and advised them that they were suspended from employment as policemen for the city of Miami, effective that date, for conduct unbecoming an employee of the city of Miami, and advising them that he was — "certifying their suspension, together with the causes therefor, to the city manager-director of public safety, who will thereafter set a time for hearing in this matter and will thereupon enter his judgment which may be dismissal, fine, reprimand, suspension or such other action as he may deem fit and proper."

The record is silent as to whether or not the city manager elected to act upon the suspension of the chief of police or refer the matter to the civil service board, but inferentially he chose to send it to the civil service board before which protracted hearings were held. The evidence before the civil service board is in hopeless conflict as to who was at fault, but the board found the petitioners Kennah and Shannon not guilty by votes of three to two and found petitioner Scheeren not guilty by unanimous vote. Notwithstanding the hearing before the civil service board, the city manager, on March 16, 1961, sustained the chief of police and suspended the petitioners for 120 days, 60 days and 30 days, respectively. They applied to this court for a writ of certiorari to quash the orders of the city manager.

The petition for certiorari will be granted. As this court said in State ex rel. Houston v. City of Miami, 11 Fla. Supp. 27, quoted with approval by the Third District Court of Appeal in City of Miami v. State ex rel. Houston, 102 So. 2d 176 at page 177 —

"Under the provisions of section 25 of the charter of the city of Miami as amended it is undoubtedly true that the city manager was not required to refer this matter to the civil service board but in his discretion could have discharged the petitioner upon the recommendation of the chief of police. However, under the permissive features of section 25, the

city manager, before passing upon the guilt or innocence of the person suspended may authorize the civil service board to conduct a hearing upon the suspension charges preferred and report its findings and recommendations to him. He shall then pass judgment upon the person suspended after considering the findings and recommendations of the civil service board.

"The testimony before the civil service board is conflicting. It cannot be said that the findings made by it are not sustained by substantial evidence. In these circumstances, the city manager, not having availed himself of his undoubted right to discharge the petitioner without referring the matter to the civil service board, could not ignore the findings made by it supported by substantial evidence. City of Miami v. Huttoe, 1949, 38 So. 2d 819."

Nothing can be added in the instant case to what was there said. The chief of police suspended the petitioners and so reported to the city manager and the city manager, under the charter, could have acted upon the chief's suspension and confirmed it. He did not elect to do this; he elected to send the matter to the civil service board for a hearing, of which the petitioners were notified. They attended the hearing and participated in it. The civil service board found them not guilty and so reported to the city manager.

Whether or not he agreed with that finding is beside the point: he was bound by it. The peremptory writ will be awarded.