PEARSON, Judge.
The final judgment appealed was entered pursuant to a jury verdict for the plaintiff. The basic question raised by the defendant Tri-City Electric Co., as appellant, challenges an order of the trial judge which struck one of appellant’s defenses. The order was entered at the close of all the evidence and was in effect a directed verdict on that issue.
Appellee was injured at a construction site where appellant was one of several subcontractors engaged in the construction of an addition to the Terminal Building at Miami International Airport. Appellee was not directly employed by the general contractor or any of the subcontractors, but was on the job site in response to a call by one of the subcontractors. Appellant contended that appellee was, at the time of the injury, working as a “borrowed servant” of the subcontractor who had summoned him to the job site and therefore was a fellow servant[1] of appellant’s employee. We hold that there was no evidence upon which a jury of reasonable men could find that the defendant, appellant, was excused from liability under this defense and we affirm.
The appellant is entitled to have the record viewed so that it admits both the facts in evidence and also every conclusion favorable to the submission of the claimed issue which might fairly and reasonably be inferred from the evidence. Bourgeois v. Dade County, Fla.1957, 99 So. 2d 575, 72 A.L.R.2d 391.
*267 The appellant, Tri-City Electric Co., was a subcontractor engaged in building construction at Miami International Airport. Poole & Kent Co. was the plumbing subcontractor working on the same job. The general contractor and the subcontractors furnished Workmen’s Compensation benefit to their employees.
On the date of the injury, Mr. McMann, who was the plumbing supervisor for Poole & Kent, called City Gas Company and asked them to send out a man. Mr. McMann needed to know if any of the gas lines he had to remove contained gas. The dispatcher for the gas company radioed the appellee, a general service man, and told him to report to McMann and see what he wanted. On reaching the airport the appellee located McMann and identified himself. McMann grabbed some blueprints and said “you are the man I am looking for.” The appellee and McMann walked across the construction site to a ditch with McMann explaining what he wanted on the way.
The appellee and McMann stopped in front of the ditch and were standing side by side looking at the blueprints when they were struck from behind by appellant’s truck. The appellee was knocked into the ditch and sustained the injuries for which he brought this action.
The gas company, appellee’s direct employer, had no work going on at this construction and was not under a subcontract to do any of the work. The appellee was not paid by Poole & Kent but was being paid by the gas company. The appellee never actually began any work on the construction site and was sent there to find out what it was the foreman wanted. The appellee was without authority to perform any work until directed to do so by his company.
We hold that under these facts the trial judge correctly ruled that there was no issue as to appellee’s employment. The criteria for determination of special employment are set forth in Berrier v. Associated Indemnity Co., 142 Fla. 351, 196 So. 188 (1939), and Stuyvesant Corp. v. Waterhouse, Fla.1954, 74 So.2d 554. There is no showing in this record that appellee was lent to the subcontractor by his employer. He simply went in response to a call to see what was wanted. His duty was to his employer, City Gas Company. There is no showing that the subcontractor had any right to or attempted to control the details of any work assigned to appellee. See Maige v. Cannon, Fla.App.1957, 98 So. 2d 399.
Appellant relies upon Miami Roofing & Sheet Metal Co. v. Kindt, Fla.1950, 48 So. 2d 840, and Smith v. Poston Equipment Rentals, Fla.App.1958, 105 So.2d 578. We think that the principles set down in these cases do not aid the appellant. In Miami Roofing & Sheet Metal v. Kindt, there was no question of employment. The applicable holding is that employees of one subcontractor are statutory fellow servants of the employees of other subcontractors on the same job whether they are under a common general contractor or not. This holding has no application to this case where the question is: “Were there facts upon which appellee could be found to be an employee of a subcontractor?” Smith v. Poston turned upon the fact that the contractor-employer had actually hired the equipment and men involved and incorporated them in his construction operation. No suggestion of such a situation exists in the present case.
Appellant presents a second point directed to the existence of contributory negligence as a matter of law. It does not present error. See Deane v. Johnston, Fla. 1958, 104 So.2d 3, 65 A.L.R.2d 957 and cases cited therein.
Affirmed.

. See Fla.Stat. 440.10, 440.11, 440.39, F.S.A.; Miami Roofing & Sheet Metal Co. v. Kindt, Fla.1950, 48 So.2d 840; Smith v. Poston Equipment Rentals, Fla. App.1958, 105 So.2d 578.