PER CURIAM.
The appellee, Marie Corozzo, had been dismissed by her department head from her county job for violating personnel rules. She appealed to the Personnel Advisory Board, which found her not guilty of any violation and unanimously recommended her reinstatement. The County Manager disregarded the findings and recommendations of the Board and sustained her dismissal. The appellee then petitioned the circuit court for a writ of certiorari. The court granted the writ and quashed the County Manager’s order of dismissal. The County appeals from the circuit court judgment.
The sole basis for the trial judge’s decision appears to be his conclusion that he had no alternative under the law other than to re-establish the recommendation of the Personnel Advisory Board. He found:

“This Court is compelled to adhere to the law enunciated by the Supreme Court of the State of Florida in the case of City of Miami v. Huttoe, 38 So.2d 819. The distinction between the within case and City of Miami v. Huttoe, supra, is procedural only, the latter being a mandamus proceeding, the former certiorari. This Court is compelled to follow the ‘competent, substantial evidence’ rule and the ‘essential requirements of the law’ rule. DeGroot v. Sheffield [Fla.], 95 So.2d 912.”
We think that the trial judge misapplied the holding of the Supreme Court in City of Miami v. Huttoe, Fla.1949, 38 So.2d 819. The court held in that case that under the City of Miami Code the City Manager should have given great weight to the findings and recommendations of the Civil Service Board and should have followed them unless their findings were against the manifest weight of the evidence.
The City of Miami Code provided:
“ * * * After hearing and considering the evidence for and against the employee, the Board shall report in writing to the City Manager its findings and recommendations. The City Manager shall then sustain, reverse or modify the action of the Departmental Director.” Laws of Florida, Special Acts 1947, Chapter 24698, Section 65(a).
The Court affirmed a holding of the circuit court that the action of the City Manager in refusing to follow the recommendations of the Board was improper because the findings of the Board were supported by competent substantial evidence.
In the instant case the County Manager acted under § 2-47 of the Code *893 of Metropolitan Dade County which provides:
* * * * * *
“The board shall act as a fact finding body, considering all available information related to the action, and transmit these facts and its advisory findings to the manager who may sustain, reverse or modify the suspension, reduction in grade, or the dismissal.”
We think that the County Manager is clearly granted the right to act upon the evidence presented to the Personnel Advisory Board, and the question presented to the trial court was whether the action of the County Manager was supported by competent substantial evidence. Cf. State Beverage Department v. Ernal, Inc., Fla.App.1959, 115 So.2d 566.
It is our opinion that this appeal is governed by our holding in McKim v. McNayr, Fla.App.1964, 168 So.2d 78:
“ * * * if the record as made before the Personnel Advisory Board [notwithstanding its findings and recommendations] will support the actions of the County Manager in discharging the employee and disregarding the findings and recommendations, his decision should be affirmed. However, if there is absolutely no evidence adduced before the Personnel Advisory Board to support the action of the County Manager in disregarding its findings and recommendations, then he would not be at liberty to disregard the report.”
The appellant cites McNayr as authority for reversal, and the appellee cites it as authority for affirmance. Both parties are therefore aware of the importance of McNayr to the outcome of this appeal.
We therefore turn to the record to see if the testimony before the Personnel Advisory Board contains competent substantial evidence upon which the County Manager could have exercised his judgment to discharge the appellee. We think that such evidence does appear in the record.
A trained investigator for the County gave sworn testimony before the Personnel Advisory Board that in the course of her duties she ordered a food item from the appellee, who was an employee at a food stand at Crandon Park. This investigator testified that (a) the food she ordered had a posted price of seventy-five cents, (b) she gave the appellee one dollar in silver to pay for the food and told the appellee to keep the change, (c) the appel-lee rang up thirty-five cents and pocketed the remainder of the silver. Not only was the amount of the sale incorrectly rung up, but the acceptance of tips was expressly forbidden.
We conclude that the evidence before the County Manager was sufficient to sustain his judgment in discharging the appellee.
Reversed and remanded for the entry of a judgment dismissing the petition for certiorari.
Reversed.