QUESTIONS:
1. Can the Board of Business Regulation of the Department of Business Regulation promulgate a rule similar to Rule 7A-2.01 of the Division of Beverage, which applies to all employees or officers of the department regarding standards of conduct?
2. Does s. 112.313(1), F.S., restrict the power of the Board of Business Regulation to establish standards of conduct relative to the acceptance of gifts, favors, or services by its employees and officers?
SUMMARY:
The Board of Business Regulation, as head of the Department of Business Regulation, may adopt standards of conduct for all of its employees and officers and may promulgate such standards as rules implementing its powers to administer and control its divisions and the personnel of the divisions and the board.
Although s. 112.313(1), F.S., is a limitation upon the department's powers to establish standards of conduct for its employees with regard to the acceptance of gifts, favors, and gratuities, the board may promulgate a rule interpreting and making more specific the section's provisions as they relate to the department's employees and officers.
Said rule would be excluded by s. 120.021(2), F.S., from the operation of Part I, Ch. 120, F.S., so long as it is limited to matters of internal management.
The Board of Business Regulation is the head of the Department of Business Regulation pursuant to s. 20.16(1), F.S. The department is made up of those divisions listed in s. 20.16(2), F.S. The duties, powers, and functions transferred to these divisions by governmental reorganization are set out in s. 20.16(5) through (12), F.S. An examination of the applicable statutes reveals that each of the divisions is specifically or impliedly authorized to hire employees. See ss. 550.01(2), 478.081, 537.03, 399.04, 561.07, and 561.11, F.S.
The employer-employee relationship is the same as the master-servant relationship. At common law four elements were recognized in this relationship: The selection and engagement of the servant; the payment of wages; the power of dismissal; and the power of control of the servant's conduct. [See] 53 Am. Jur.2d Master and Servant s. 2. The existence of this relationship is the same whether the employer is private or public. City of Boca Raton v. Mattef, 91 So.2d 644 (Fla. 1956). The most significant aspect of this relationship is control by the employer of the employee. This relationship requires control and direction by the employer on the conduct of its employee. Tri-City Electric Co. v. Barrs,201 So.2d 265, (3 D.C.A. Fla., 1967); AGO 072-114; cf. City of Boca Raton v. Mattef, supra.
The common law employer-employee relationship and the rights of the parties therein may be restricted by statute. [See] 53 Am.Jur.2d Master and Servant ss. 7 and 43. The rights of the Board of Business Regulation as an employer have been restricted by Ch.110, F.S., which creates the Career Service System. This chapter eliminates the right of the employer to discharge an employee at will and without cause. It creates in the Department of Administration authority to restrict the employing agency's rights regarding means of selection of employees and the amount of wages paid employees. Section 110.022.
While Ch. 110, supra, diminishes some of the powers of an agency as an employer, it does not substantially affect the power of an agency to control the conduct of its employees. In fact, rules and regulations of the Division of Personnel, Department of Administration, specifically reference the powers of the agency to establish standards of conduct of its employees. Rule 22A-10.03, Florida Administrative Code. The personnel rules also reference as grounds for dismissal and suspension violations of an agency's rules and regulations. Rules 22A-7.10F2 and G2, F.A.C.
Further, under the prevailing view, in order for an employer to discharge an employee for cause the employer must be able to show a breach by the employee of the duties or conditions of employment. [See] 53 Am. Jur.2d Master and Servant ss. 43, 44, and 45; Haiman v. Gundersheimer 177 So. 199 (Fla. 1937); Metropolitan Dade County v. Corozzo, 212 So.2d 891, (3 D.C.A. Fla., 1968).
With regard to employees of the Department of Business Regulation who are exempted from career service pursuant to s. 110.051, F. S., none of the limitations of Ch. 110, supra, would apply, and the department would be able to exercise its unrestricted powers as an employer except as it might be limited by other statutes not relative to this discussion. Therefore, the department could establish standards of conduct for these exempt employees, and violation thereof would be grounds for demotion or dismissal. Haiman v. Gundersheimer, supra; Metropolitan Dade County v. Corozzo, supra.
Therefore, in the case of both career service employees and those exempted employees, the adoption of standards of conduct would be an adjunct to the agency's inherent power to properly administer and control its personnel.
The Board of Business Regulation is specifically authorized by s. 20.16(3)(a), F.S., to establish procedures for the administration of each division. This would necessarily apply to personnel administration as well as the administration of the specific powers, functions, and duties created in the individual divisions and the department.
In view of the fact that an agency has the absolute power to establish standards of conduct for its employees, except as restricted by law, s. 112.313(1), supra, as it relates solely to employees, would be a limitation on the agency's existing power to establish standards of conduct. As s. 112.313(1) relates to officers, it establishes a standard because an officer not subject to impeachment can only be removed by the governor upon the grounds set forth in Art. IV, s. 7, State Const. Officers subject to impeachment may only be impeached for commission of a misdemeanor while in office. Article III, s. 17, State Const.
Although the department's officers have a different employment relationship with the department, the standards established by s.112.313(1), supra, are applicable to them as stated above.
Therefore, the board in its discretion could exclude officers from its guidelines regarding acceptance of gifts, favors, and gratuities; however, if included, the officers of the department would be controlled by said guidelines.
Because s. 112.313(1), supra, relates specifically to standards of conduct of officers and employees in accepting gifts, favors, or services, and in view of the fact that the Department of Business Regulation has the authority, as stated above, to establish guidelines regarding standards of conduct, the department could adopt internal guidelines or procedures regarding the acceptance of gifts, favors, and services by the officers and employees of the department and its divisions as indicated in Rule 22A-10.03, F.A.C. However, it would be equally permissible and probably more desirable to promulgate these guidelines as a rule because, as a rule, both the employees and the public would be aware of them.
In promulgating a rule or guideline relative to standards of conduct in accepting gifts, favors, and gratuities, the agency would not be required to follow the procedures of Part I, Ch. 120, F.S., because s. 120.021 specifically excepts matters related to the internal management of the agency. Although internal management rules are excluded from the requirements of Part I, Ch. 120, the department may not broaden or restrict the requirements of a general law. Any internal rules would be limited to implementing, interpreting, or making specific the provisions of the general law in the same manner a rule adopted pursuant to Part I, Ch. 120 is. Care should be exercised to insure that such standards of conduct are limited in their effect to internal management.
You have asked whether an internal management guideline or rule promulgated by the department could be similar to Rule 7A-2.01 of the Division of Beverage, which provides as follows:
"7A-2.01 Division Employees, Gifts. An employee of the Division of Beverage will not be allowed to accept a gift or anything of value, including alcoholic beverages, from any licensee or agent of any licensee, nor shall any licensee offer to give any gift or thing of value to any employee of the Division of Beverage."
If the department desires to have its internal guidelines regarding acceptance of gifts apply to officers, it will have to modify the language of the above-quoted rule to include both officers and employees.
Rule 7A-2.01, supra, is a rule duly adopted pursuant to Part I, Ch. 120, F.S., and is a rule applicable to those members of the general public referenced therein, to wit: Licensees and their agents. However, an internal management guideline must be limited to matters of internal management. See s. 120.021(2). It would, therefore, be necessary to delete in an internal management rule or guideline any language similar to "nor shall any licensee offer to give any gift or thing of value to any employee of the Division of Beverage."
No rule may be broader than the statute which it seeks to implement, interpret, or make more specific. Cf. AGO 073-489. Section 112.313(1), supra, creates a limitation upon the standards which an agency can impose on its employees. As noted heretofore, s. 112.313(1) limits the acceptance of gifts to those which might reasonably tend to improperly influence an employee or officer in the performance of his duties. Rule 7A-2.01, supra, prohibits the acceptance of any gift. The legal effect of a rule similar to Rule 7A-2.01 would be to create a rebuttable presumption that any gift from a licensee is one which would improperly influence an employee. If the department intends to create such a presumption, the language of the internal management rule or guideline should specifically state that purpose. As with any rebuttable presumption, any testimony on the nature of the gift contrary to the presumption raised would cause the presumption to fade or recede. [See] 13 Fla. Jur. Evidence ss. 11 and 12.
I would note that the divisions of the department have the power to adopt regulatory rules with regard to all of the laws which they administer and enforce except Chs. 447 and 457, F.S. It is possible that the divisions could adopt rules similar to Rule 7A-2.01, supra, as that rule relates to licensees and their agents giving or offering gifts to employees of the division and the department. If such regulatory rules were adopted, they could be complemented by internal guidelines requiring that the offer of such gifts be reported by employees.