295 So.2d 704 (1974)
METROPOLITAN DADE COUNTY, Florida, a Political Subdivision of the State of Florida, et al., Appellants,
v.
Edward A. MARUSA, Appellee.
No. 73-437.
District Court of Appeal of Florida, Third District.
June 11, 1974.
Stuart Simon, County Atty., and Stanley B. Price, Asst. County Atty., for appellants.
Murray A. Greenberg, Miami Beach, for appellee.
Before HENDRY and HAVERFIELD, JJ., and MARTIN, HENRY F., Jr., Associate Judge.
MARTIN, HENRY F., Jr., Associate Judge.
In October, 1968, appellee was employed by the Tax Assessment Department of Metropolitan Dade County as a Land Evaluator I. On or about July 12, 1972, appellee was discharged from his employment for alleged inefficiency in the performance of his duty. Thereafter, pursuant to applicable personnel rules provisions, a hearing was held before a hearing examiner, who recommended that the county manager sustain such dismissal. Thereafter, appellee petitioned the Circuit Court for a writ of certiorari, contending that the hearing examiner applied the wrong standard of law to the facts adduced at the hearing. The trial Court agreed with that contention, granted the writ of certiorari, vacated and set aside the dismissal and ordered appellee reinstated with all pay and benefits. Appellants perfected this appeal, in which they contend the trial Court itself fell into error by failing to determine whether or not the decision of the county manager was supported by substantial, competent evidence.
*705 The applicable provision of the Metropolitan Dade County ordinance code is Section 2-47. That section provides that any employee may be suspended, reduced in grade, or dismissed by his department head for any cause which will promote the efficiency of the service. The department head is required to consult with the personnel director and furnish a written statement of reasons for the action taken to every affected permanent employee. Such employee may appeal the action to a hearing examiner, who conducts an evidentiary hearing in accordance with the rules of civil procedure insofar as practicable. Such hearing examiner then transmits findings of fact, conclusions and recommendations, together with a transcript of all evidence and all exhibits, to the county manager, who may sustain, reverse or modify the action of the hearing examiner. The county manager's decision is subject to review by certiorari in the Circuit Court.[1]
In the instant case, the hearing examiner conducted a full evidentiary hearing at which several witnesses testified and several exhibits were received into evidence. In reviewing the evidence adduced at the hearing, the hearing examiner's comprehensive report states in part:
"* * * The evidence showed errors in plotting legal descriptions, in following instructions with respect to applying land sales data, and inefficient handling of taxpayer complaints. * * * There is nothing in the evidence to indicate that those charged with evaluating respondent's performance were motivated by anything other than a sincere desire to maintain proper standards of work."
Such report also contains the following findings and recommendation:
"FINDINGS
1. The respondent was dismissed in accordance with procedures prescribed by the governing ordinances and the personnel rules of the County.
2. The respondent has been afforded a full hearing on the grounds for his dismissal.
3. The County has presented competent and substantial evidence to sustain the charge that the respondent has been inefficient in the performance of his duties.

*706 4. The respondent has presented competent evidence to rebut only in part the County's evidence."
* * * * * *
"RECOMMENDATION
It is recommended that the County Manager sustain the dismissal of the respondent."
The conclusions contained in said report included one to the effect that the decision of the department head (to discharge appellee) should be upheld if it is supported by any competent, substantial evidence.[2] Such conclusion gives rise to appellee's contention, which was successfully urged upon the trial Court, that the hearing examiner conducted only a "certioraritype" review of the record and evidence adduced at the hearing, thereby applying the wrong standard of law.
Appellee recognizes that the trial Court was reviewing the decision of the county manager and not that of the hearing examiner in the certiorari proceedings here under review. In order to overcome this obvious defect in his legal position, Appellee contends that the county manager simply "rubber-stamped" the action of the department head and the report of the hearing examiner without making an independent review of the record. This Court is unable to subscribe to that theory. Even if it is assumed, for the purpose of argument, that the hearing examiner's conclusion is incorrect, there is absolutely no indication in the record that it played any part in the decision of the county manager. That decision was contained in a letter to appellee which stated:
"We have received the transcript of your recent appeals hearing and the findings and recommendations of the hearing examiner, Mr. Wm. P. Simmons, Jr. Based on the hearing examiner's findings and recommendations, and the transcript, we are hereby sustaining the action of the Acting Tax Assessor, confirming your dismissal from the County service." (Emphasis ours)
In addition, it clearly appears from the applicable code provision that the county manager is not bound by the findings of fact, conclusions and recommendations of the hearing examiner. In fact, cases cited in the briefs of the respective parties demonstrate that the county manager has no hesitancy in disagreeing. See for example, Mckim v. McNayr, Fla.App., 168 So.2d 78, Metropolitan Dade County v. Corozzo, Fla.App., 212 So.2d 891. Those cases refer to an "advisory board" making recommendations to the county manager; however, that board was later replaced by the hearing examiner.
The present case is controlled by our holding in Mckim v. McNayr, supra, wherein we stated as follows:
"* * * In other words, if the record as made before the Personnel Advisory Board [notwithstanding its findings and recommendations] will support the actions of the County Manager in discharging the employee and disregarding the findings and recommendations, his decision should be affirmed. However, if there is absolutely no evidence adduced *707 before the Personnel Advisory Board to support the action of the County Manager in disregarding its findings and recommendations, then he would not be at liberty to disregard the report." (Emphasis ours)
It is clear that the trial Court upon petition for writ of certiorari must examine the record to determine whether or not the county manager's decision is supported by any competent, substantial evidence and, if so, the writ should be denied.
We conclude that the evidence before the county manager was sufficient to sustain his judgment in discharging the appellee.
Reversed and Remanded for the entry of a judgment dismissing the petition for certiorari.
Reversed.
NOTES
[1] "Any employee may be suspended or reduced in grade or dismissed by the head of his department for any cause which will promote the efficiency of the service. Prior to taking such action, the department head shall consult with the personnel director concerning the circumstances justifying such suspension, reduction in grade, or dismissal, unless such emergency conditions exist as would preclude such prior consultation. A written statement of the reasons for the action shall be furnished to every permanent employee suspended, reduced in grade, or dismissed. A probationary employee shall not, as a matter of right, be entitled to appeal the action taken. Except as provided in Section 2-42(16), any employee who has completed the probationary period may appeal the action to a hearing examiner within fourteen (14) days. Such hearing examiner shall be assigned by the personnel director in rotation from a list of private attorneys who have practiced not less than ten (10) years and who have received the highest rating of a national rating service for attorneys, approved, from time to time, by the board of county commissioners. Such attorneys shall not be deemed county officers or employees within the purview of Sections 2-10.2, 2-11.1 or otherwise. The hearing examiner shall conduct a hearing after notice upon the charges and shall transmit his findings-of-facts, conclusions, and any recommendations together with a transcript of all evidence taken before him and all exhibits received by him, to the manager who may sustain, reverse or modify the suspension, reduction in grade, or the dismissal. Such hearing shall be conducted insofar as is practicable in accordance with the rules of civil procedure governing the procedure in the circuit court, except as may be provided in this code or by rules adopted by the board of county commissioners. Any interested party may procure the attendance of witnesses and the production of records at such hearings in the manner provided in section 2-50. The manager's decision shall be subject to review only by certiorari in the circuit court, in accordance with Florida appellate rules."
[2] case is somewhat unusual in that the respondent is not charged with any wrongdoing or laziness but with general inefficiency in the opinion of his superiors with respect to the quality of the results of his work. The opinions of sincere men will differ in situations of this kind. The examiner is sympathetic with the apparently honest effort of the respondent to perform his work properly and might have given him another chance if required to make the decision. But the County Personnel Rules are designed to develop a high quality of service in public employees and the departments are required to employ and retain those persons best qualified to perform.
"The decision of the department head should be upheld if it is supported by any competent substantial evidence[*] as it was in this case.
[*] See Metropolitan Dade County v. Corozzo (3rd D.C. of Fla. 1968) 212 So.2d 891."