HORTON, Judge.
The City of Miami has appealed from a judgment awarding a peremptory writ of mandamus. The peremptory writ required the appellant, City of Miami, to reinstate the appellee in his former position as a member of the police force of the City of Miami.
The appellee was suspended by the Chief of Police of the City of Miami for making *177 untruthful statements to a superior officer during the course of an investigation of crimes allegedly committed by the appellee. Appellee’s suspension was certified to the City Manager who in turn referred the charges to the Civil Service Board to conduct a hearing and report its findings and recommendations. The Civil Service Board conducted a hearing on the charges and found the appellee not guilty and thereupon recommended to the City Manager that appellee he found not guilty of the charges. However, the City Manager, notwithstanding the recommendation of the Civil Service Board, found the appellee guilty as charged and dismissed him from the service. The actions of the City Manager precipitated this mandamus action by the appellee. The City Manager of the appellant sits in the dual capacity of City Manager and Director of Public Safety.
 The principal question on appeal is whether or not the trial judge erred in reinstating the findings of the Civil Service Board. We think the question should be answered in the negative. The able trial judge, in awarding the peremptory writ, said:
“Under the provisions of Section 25 of the Charter of the City of Miami as amended it is undoubtedly true that the City Manager was not required to refer this matter to the 'Civil Service Board but in his discretion could have discharged the petitioner upon the recommendation of the Chief of Police. However, under the permissive features of Section 25, the City Manager, before passing upon the guilt or innocence of the person suspended may authorize the Civil Service Board to conduct a hearing upon the suspension charges preferred and report its findings and recommendations to him. He shall then pass judgment upon the person suspended after considering the findings and recommendations of the Civil Service Board.
“The testimony before the Civil Service Board is conflicting. It cannot be said that the findings made by it are not sustained by substantial evidence. In these circumstances, the City Manager, not having availed himself of his undoubted right to discharge the petitioner without referring the matter to the Civil Service Board, could not ignore the findings made by it supported by substantial evidence. City of Miami v. Huttoe, 1949, 38 So.2d 819.”
This court has considered the record in this cause, the briefs of the respective parties and oral argument at the bar and concludes that the trial judge was eminently correct in his application of the law and that there was substantial evidence in the record to sustain the findings and recommendations of the Civil Service Board. The case of City of Miami v. Huttoe, Fla. 1949, 38 So.2d 819, we conclude is controlling.
Affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.