PER CURIAM.
The City of Miami, the city manager, and the members constituting the Civil Service Board of the City of Miami, appeal an order granting the appellee’s petition for writ of certiorari, the effect of which was to quash, vacate and set aside an order of the city manager finding the appellee to be guilty of conduct unbecoming an employee and suspending the appellee for fifteen working days.
*166 The chief of police, on January 20, 1961, notified the appellee in writing that he was being suspended without pay from his employment as a policeman first class in the Division of Police of the City of Miami for conduct unbecoming an employee of the city, in that the appellee had absented himself from his duties without the knowledge or consent of his superior for a period of approximately twelve days, in violation of the Civil Service rules and regulations. This suspension was certified by the chief of police to the appellant city manager who, in turn, referred the charges to the Civil Service Board for hearing. Hearing was had' before the Civil Service Board at which the appellee appeared, testimony was taken and the Civil Service Board, by a vote of four to one, found the appellee not guilty as charged. The Civil Service Board certified the results of its hearing and findings to the city manager who, notwithstanding the Civil Service Board’s finding of not guilty, suspended the appellee.
The appellants ostensibly pose two questions on appeal, but they appear to encompass the same principle — whether or not there was competent substantial evidence adduced before the Civil Service Board to sustain the finding that the appellee was not guilty of the charge. The circuit court, in its order granting the writ of certiorari and quashing the city manager’s order, found that the evidence before the Civil Service Board was in conflict but that the findings were not manifestly against the clear preponderance of the evidence, and accordingly granted the writ upon the authority of City of Miami v. Huttoe, Fla.1949, 38 So.2d 819, and City of Miami v. State ex rel. Houston, Fla.App.1958, 102 So.2d 176.
We have examined the testimony and the record of the proceedings before the Civil Service Board, and conclude, as did the able trial judge, that there was substantial competent evidence in the record which, if believed, would support the findings of the Civil Service Board. There is little we can add to this finding. The authorities relied upon by the trial judge for his conclusion enunciated the correct principles of law applicable to the facts in this case.
Accordingly, the order appealed is affirmed.