PEARSON, Judge.
The controlling question on this appeal is whether mandamus is a proper remedy whereby an executrix of an estate may enforce the rights of her deceased to a judgment of not guilty upon charges brought against the deceased pursuant to civil service rules and to require the city to pay the salary of the deceased during the period of suspension. We hold that mandamus does not lie and reverse a judgment of the circuit court which required the city manager to enter a judgment of not guilty and to pay an unspecified amount of the salary of office.[1]
On January 19, 1967, Glenn L. Baron was dismissed from his employment as Lieutenant Colonel of Police (unclassified) and Captain of Police (classified) of the Department of Police of the City of Miami, Florida. Proceeding under Civil Service Rules of the City of Miami, Florida, a civil service board hearing was set for February 12, 1967. Baron requested the civil service board to grant a continuance of the hearing and in his motion stated that he waived emoluments of office from February 21, 1967, “to the date of the new hearing.” Thereafter, additional requests for continuance were made, the last of which was upon the basis that Baron’s trial in the criminal court of record was scheduled for May 12, 1967. These requests were based upon the original motion which stated that Baron waived his emoluments of office from February 21, 1967, to the date of the new hearing.
In July of 1967, Baron filed a petition for injunction against the civil service board of the City of Miami urging that no further action should be taken on his case until the courts had determined his plea of immunity. An injunction was entered on July 5, 1967. This injunction was dissolved on December S, 1969. On December 24, 1969, Baron made demand for hearing and on January 13, 1970, a hearing was commenced. The hearing was concluded on January 27, 1970. On January 28, 1970, the board submitted a communication to the City Manager of Miami informing him that Baron was found not guilty of the charges.
*72 The first appeal in a matter concerning the dismissal of Officer Baron is reported in Headley v. Baron, Fla.App.1968, 211 So.2d 223. That appeal was from a final judgment in mandamus entered upon the petition of Officer Baron. The petition was filed June 26, 1959. The trial judge ordered Walter Headley as Chief of Police of the City of Miami to reinstate Glenn Baron to his former position of employment as Lieutenant Colonel of Police (unclassified) and as Captain of Police (classified) and to restore him to his emoluments of office accruing after September 29, 1967. This court affirmed the judgment. Thereafter the Supreme Court of Florida granted certiorari and quashed the opinion and judgment of this court. See Headley v. Baron, Fla. 1969, 228 So.2d 281. The decision of the Supreme Court directed this court to remand the cause to the trial court for further proceedings consistent with the Supreme Court decision. Pursuant to directions of the Supreme Court of Florida, this court withdrew its former opinion and judgment, made the opinion and judgment of the Supreme Court of Florida the opinion and judgment of this court and thereupon reversed the judgment appealed and remanded the cause for further proceedings consistent with the Supreme Court opinion. See Headley v. Baron, Fla.App.1969, 228 So.2d 630. This record reveals nothing further as to the petition for mandamus which was brought by Baron personally.
On September 16, 1970, Marjorie Jean Baron, as executrix of the estate of Glenn L. Baron filed the petition for alternative writ of mandamus with which we are now concerned. She alleged that her decedent had been entitled to reinstatement to the unclassified position of Lieutenant Colonel of Police. She further set forth the dismissal of the decedent, the finding of the civil service board that the decedent was not guilty and that the defendant city manager had failed to reinstate the decedent. She further claimed the right to receive the emoluments of the office from which her decedent, was suspended. The circuit court issued an alternative writ of mandamus and the city manager moved to quash the writ and dismiss the petition upon the ground that the petition did not allege sufficient facts to establish a clear legal right in the petitioner. The motion to quash and dismiss was denied; the final hearing was had and the judgment which is here appealed was entered by the circuit court.
On this appeal, the city manager urges among other things that he was entitled to an order dismissing the petition upon his motion. As above stated, we find that the petition did not state a clear legal right to the relief prayed and that the alternative writ should have been quashed and the petition dismissed.
Under the Civil Service Rules of the City of Miami, the city manager has a duty to sustain, reverse or modify the action of a departmental director. Where a civil service board finds an employee not guilty then the city manager is compelled to sustain that finding if his review of the record reveals competent, substantial evidence to support it. See City of Miami v. Walsh, Fla.App.1962, 139 So.2d 165; City of Miami v. State, Fla.App. 1958, 102 So.2d 176; City of Miami v. Huttoe, Fla.1949, 38 So.2d 819. Under these circumstances there is discretion as well as judicial authority in the city manager. Mandamus will lie to require a public, officer to act but it will not lie to require a particular holding or judgment by a public officer. Hunter v. Solomon, Fla.1954, 75 So.2d 803. This court pointed out in Reese v. Golden, Fla.App.1968, 209 So.2d 490:

“Under the facts and circumstances of this case, we find that the writ of mandamus should not have issued inasmuch as there was no clear legal right to the issuance of the writ since the actions of the City Manager were subject to his discretion under the Charter and Ordinances of the City of Miami, Florida. The preemptory [sic] writ commanded the City Manager to pay the increased *73 salaries to the appellees as long as they were in the employ of the City of Miami. This completely takes away any discretion from the City Manager or the superior of the appellees and requires the city to continue to pay these salaries in the future regardless of the conduct of the appellees.”

We therefore hold that the judgment of the circuit court which directed the city manager to enter a judgment of not guilty and to pay emoluments is erroneous.
The city manager has pointed out other objections to the use of mandamus by the executrix. It is urged that the right of the deceased to reinstatement was a personal right and this right did not pass to the executrix of the estate, therefore, she could not bring a petition for mandamus to require his reinstatement. We think that reason supports this view but a decision on this point is not nécessary in view of our holding that mandamus was not a proper remedy for the reasons above set out.
We think, however, that in an effort to shorten future litigation in this matter we should point out that the portion of the final judgment which ordered the payment of money is vague and indefinite and does not find support in the record. The court ordered that, “ . . . .all the emoluments and benefits of his office that would have accrued to the decedent had he not been wrongfully dismissed except, for the period of time that the emoluments have been waived by decedent, to wit: from January 20, 1967 to September 29, 1967, are hereby ordered to be paid.” It is impossible to determine from the judgment the date to which the emoluments were to be paid. Appellee urges that the date of the death of Glenn L. Baron would determine the date to which payment is to be made. The date of the death of Glenn L. Baron does not appear in this record nor is there support in the record for a finding that the waiver of emoluments by Glenn L. Baron was terminated on September 29, 1967. The only source for this date appears to be the judgment of the circuit court on the petition for mandamus brought by Glenn L. Baron which was appealed to this court and later reversed by the Supreme Court of Florida. This judgment having been reversed is of no force and effect and may not now be used as an adjudication of rights between the parties, cf. Rosenkrantz v. Hall, Fla. App.1965,172 So.2d 518.
We therefore hold that the judgment now appealed must be reversed for two reasons. First, mandamus was not a proper remedy for the enforcement of the executrix’s rights. Second, the record does not support an order to the city manager to pay all emoluments of office except for the period of January 20, 1967 to September 29, 1967. The final judgment appealed is reversed and the cause is remanded with directions to quash the writ and dismiss the petition.
Reversed and remanded.

. “IT IS THEREFORE THE ORDER OF THIS COURT:
“That the alternative AVrit of Mandamus issued in this cause is made pre-emptory, as herein ordered, and that the defendant, MELVIN L. REESE, as City Manager of the City of Miami, Florida, is commanded forthwith to enter a judgment of not guilty on all charges filed against the decedent, GLE'NN L. BARON, SR., and further, that all the emoluments and benefits of his office that would have accrued to the decedent had he not been wrongfully dismissed except, for the period of time that the emoluments have been waived by decedent, to wit: from January 20, 1967 to September 29, 1967, are hereby ordered to be paid.”