598 So.2d 275 (1992)
Ed KLOSKI, Milton Mravic, Grace Mannillo, John Scharch, and Michael Bier, in their official capacities as members of the Monroe County Planning Commission, Appellants,
v.
MATECUMBE MARINA, INC., a Florida Corporation, Appellee.
No. 89-2045.
District Court of Appeal of Florida, Third District.
May 12, 1992.
Rehearing Denied June 16, 1992.
*276 Mark Graham Hanson, Key West, for appellants.
Mattson & Tobin and James S. Mattson and Andrew M. Tobin, Key Largo, Kay G. Finley, Summerland Key, for appellee.
Before FERGUSON, COPE and GERSTEN, JJ.
PER CURIAM.
The issues in this case as framed by the appellants, and addressed by the appellee, are (1) whether the act the appellee sought to have performed by peremptory writ for mandamus was ministerial, which can be compelled, rather than discretionary, for which mandamus does not lie, and (2) whether the appellee demonstrated that it had exhausted the administrative remedies available to it.
Matecumbe Marina sought the approval of the Monroe County Planning Commission to expand an existing Marina on Upper Matecumbe Key in Monroe County. In December 1988, the Planning Commission issued an initial approval, attaching eight conditions. Matecumbe Marina expended $198,000 for planning, consulting, legal, and surveying fees and submitted a final site plan to the Planning Director. On April 27, 1989, the Planning Director found that the eight conditions had been complied with and recommended that the Planning Commission approve the plan. At a May 25, 1989 meeting, the Planning Commission considered the final development plan submitted by Matecumbe and rejected the Director's recommendation, voting instead to rescind the conditional approval which had been granted five months earlier.
Matecumbe sought the issuance of a writ of mandamus to compel approval of its final plan. The circuit court conducted an evidentiary hearing on the petition and made independent findings that the petitioner "in all ways complied with each of the eight conditions imposed upon it by the Planning Commission and that there are no grounds to deny said approval." Thereafter, it ordered approval of the final plan.
While we agree that the court was empowered to compel the Planning Commission to issue a written order, it was without authority to declare rights and instruct the Commission which way to rule. We have held, in several cases, that while mandamus lies to require an administrative tribunal to rule one way or the other where it has discretion, the reviewing court may not instruct the tribunal, by mandamus, how to rule. Hunter v. Solomon, 75 So.2d 803, 806 (Fla. 1954); Reese v. Baron, 256 So.2d 70, 72 (Fla. 3d DCA 1971).[1]
Reversed and remanded for further consistent proceedings.
NOTES
[1] We do not pass on the merits of the respondent's final development plan, nor do we reach the second point raised by the petitioners  that the respondent failed to exhaust administrative remedies. We note, however, that the actions of the Planning Commission, on a use permit application, are subject to administrative review by the Monroe County Commission. § 9.5-69(e).