PER CURIAM.
Jairaj Raghunandan, a county employee, seeks certiorari review of the circuit court’s affirmance of an employment decision of the County Manager. Because the circuit court, acting in its appellate capacity, properly applied the correct law, we deny the petition.
Raghunandan was fired from his position as supervisor of the paving section of the Miami Dade County Water and Sewer Department as a result of the highly publicized Church & Tower/Miami Dade Water & Sewer Department over-billing/payment scandal. He filed an appeal of his discharge and, after conducting an evidentia-ry hearing on the appeal, a hearing examiner found that the section which petitioner supervised was “out of control.” Nevei*-theless, the examiner concluded that the charges of incompetence and inefficiency leveled against petitioner were not proved by the County. The hearing examiner recommended that petitioner be reinstated into his supervisor position and be awarded backpay and benefits. Upon final administrative review, the County Manager accepted the hearing examiner’s factual findings, but rejected the conclusion that petitioner was not incompetent or ineffi *1010 cient. He refused to reinstate petitioner as supervisor, but, instead, ordered petitioner demoted to the position of inspector at a much lower pay scale and refused to award backpay or benefits. Petitioner appealed the County Manager’s order to the Miami Dade Circuit Court Appellate Division, which affirmed.
Our review of the circuit court’s decision is limited. As the Supreme Court stated in City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982):
We hold that where full review of administrative action is given in the circuit court as a matter of right, one appealing the circuit court’s judgment is not entitled to a second full review in the district court. Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine [1] whether procedural due process is accorded, [2] whether the essential requirements of the law have been observed, and [3] whether the administrative findings and judgment are supported by competent substantial evidence. The district court, upon review of the circuit court’s judgment, then determines whether the circuit court [1] afforded procedural due process and [2] applied the correct law.
Vaillant, 419 So.2d at 626, see also Florida Power & Light Co. v. City of Dania, 761 So.2d 1089 (Fla.2000). Here, there has been no allegation that the County or the circuit court failed to afford procedural due process, and we conclude that the circuit court properly applied the correct law.
This case is strikingly similar to Schrimsher v. School Board of Palm Beach County, 694 So.2d 856 (Fla. 4th DCA 1997), where the hearing officer found that there was no evidence that Schrimsher was incompetent and recommended that he be reinstated to his employment position. The School Board rejected the hearing officer’s finding that Schrimsher was not incompetent. On appeal, the Fourth District Court of Appeal determined that the School Board properly rejected the hearing officer’s interpretation of facts regarding Schrimsher’s behavior and actions, concluding that the issue of whether his actions constituted misconduct or incompetence sufficient to warrant discharge was a matter of opinion “ ‘infused by policy considerations for which the agency has special responsibility’.” Id. at 862 (quoting from McDonald v. Department of Banking & Finance, 346 So.2d 569, 579 (Fla. 1st DCA 1977)). We agree with Schrimsher and deny the petition in this case based on the same analysis.
Petition denied.