778 So.2d 409 (2001)
MIAMI-DADE COUNTY, Appellant,
v.
Gregory JONES, Appellee.
No. 3D00-324.
District Court of Appeal of Florida, Third District.
January 31, 2001.
Rehearing Denied March 8, 2001.
*410 Robert A. Ginsburg, Miami-Dade County Attorney, and Thomas A. Tucker Ronzetti and Marlene P. Klein, Assistant County Attorneys, for appellant.
Egan, Lev & Siwica and Tobe M. Lev, Orlando, for appellee.
Before JORGENSON, GODERICH, and SHEVIN, JJ.
PER CURIAM.
Gregory Jones, appellee below, appeals the Eleventh Circuit Appellate Division's final order reversing the decision of the Public Health Trust ("the Trust"), appellant below, to terminate Jones' employment. For the following reasons, we reverse.
Jones, a "floater" nursing technician employed by the Trust for approximately twenty years, was fired for constant tardiness and absenteeism after being progressively disciplined. The Patient Care Services Division (PCSD) terminated Jones' employment in accordance with Trust policy after giving him a "record of counseling," a written reprimand, a three-day suspension, and a five-day suspension. At the time of Jones' discharge, Trust policy dictated that continued tardiness or absenteeism after two suspensions could result in termination. Jones appealed the PCSD's decision and received a hearing before a hearing officer.[1] Jones argued he was subjected to disparate treatment because other employees who were late or absent after being twice suspended were given a third suspension in lieu of termination. The hearing officer found that Jones had no valid excuse for his tardiness and absenteeism, but that he was subjected to disparate treatment[2] and recommended that Jones be reinstated and given a sixty-day suspension.
On review of the hearing officer's conclusions, the Trust president found that the hearing officer's determination that Jones lacked a valid excuse for his tardiness and absenteeism was based on substantial competent evidence. However, the Trust president concluded that there was no disparate treatment and rejected the hearing officer's recommendation to reinstate Jones. The circuit court's appellate division reversed the Trust president's determination and reinstated the hearing officer's recommendation because the Trust president failed to state with particularity any reasons for departing from the hearing officer's determination of disparate treatment.
There is no question that there was substantial competent evidence to support the hearing officer's conclusion that Jones committed employment misconduct. The only issue is whether the Trust president had the authority to disregard the hearing officer's finding as to disparate treatment and the recommendation to reinstate Jones.
The Trust president "had the complete discretion to determine the appropriate *411 penalty where the hearing officer decided that an offense had been committed by the employee." Kee v. Miami-Dade County, 760 So.2d 1094 (Fla. 3d DCA 2000) (citing Town of Surfside v. Higgenbotham, 733 So.2d 1040 (Fla. 3d DCA 1999)); Code of Metropolitan Dade County, Florida § 2-47; see also Raghunandan v. Miami-Dade County, 777 So.2d 1009 (Fla. 3d DCA 2000) ("The issue of whether his actions constituted misconduct or incompetence sufficient to warrant discharge was a matter of opinion `"infused by policy considerations for which the agency has special responsibility".'") (quoting Schrimsher v. School Board of Palm Beach County, 694 So.2d 856, 862 (Fla. 4th DCA 1997) and McDonald v. Department of Banking & Finance, 346 So.2d 569, 579 (Fla. 1st DCA 1977)). Because it is entirely within the Trust President's discretion to consider or ignore mitigating factors, such as disparate treatment, and to determine the appropriate discipline, the Trust President properly exercised his discretion in rejecting the hearing officer's recommendation to reinstate Jones once the employment violation had been shown.
Reversed and remanded for entry of an order consistent with this opinion.
NOTES
[1] Apparently, Jones was not a party to a collective bargaining agreement or chose not to appeal the discharge pursuant to any such agreement. In any case, any question regarding a collective bargaining agreement is not properly at issue before this court.
[2] The hearing examiner did not conclude, nor did Jones allege, that the disparate treatment was in violation of any employment discrimination laws, but that Jones was merely treated differently than other employees.