SHARP, W., J.
John E. Dollar and Linda K. Dollar petition this court for a writ of mandamus. Under the unusual procedural circumstances of this case, we elect to treat the petition as one for habeas corpus and we deny relief.
On February 1, 2005, the Dollars were charged with five counts of aggravated child abuse, a first degree felony.[1] The court set a $100,000 bond. Three days later, on February 4, 2005, they were arrested in Utah. The state moved to revoke the provision for the Dollars’ bond on February 1, 2005, alleging that the Dollars had fled to avoid prosecution. In the absence of the Dollars, the court conducted a hearing, and revoked the bond provision. The order revoking the provision for bond was rendered February 7, 2005, and it did not state specific facts.
On March 15, 2005, the Dollars appeared before the court for an evidentiary hearing, regarding their request for a new bond. The court apparently denied their request, but did not render a written order.
The Dollars then filed a petition for writ of habeas corpus in the circuit court, rather than this court. In their petition they alleged they are being held illegally, because the trial court improperly revoked their bond in that there were no allegations that the Dollars committed new offenses after the initiation of the original information which set bond at $100,000.00, and they were not in the state when the information was filed. The Dollars verified the contents of that petition, and attached the ruling of the trial court and portions of the transcript of the hearing.
The circuit court denied their petition, ruling in part as follows:
4. The Petitioners are each currently incarcerated in the Citrus County Detention Facility on five counts of aggravated child abuse, maliciously punish, and one count of aggravated child abuse, torture. Pursuant to Fla. Stat. § 907.041(4)(a), child abuse or aggravated child abuse is defined as a “dangerous crime” for purposes of pretrial detention. Pursuant to Fla. Stat. § 907.041(4)(c)(5), the Court may order pretrial detention if it finds a substantial probability that a defendant poses a threat of harm to the community.
5. The Petitioners filed a Motion for Bond which was hear before Judge Howard on March 15, 2005, during an evidentiary hearing at which both Petitioners and their counsel were present. After hearing testimony from both Petitioners and Detective Lisa Wall, and taking into account the factors governing determination of bail, including the weight of the evidence against the Petitioners, their ties ■ to the community, their length of residence, any records of conviction, previous flights to avoid prosecution, failure to appear in court proceedings, the nature and probability of danger to the community, sources of funds used to post bail, whether the Petitioners are already on release pending resolution of another proceeding, street value of any drugs or controlled *401 substances, the nature and probability of intimidation and danger to the victims, probable cause to believe new crimes have occurred while on pretrial, and any other facts that the Court considers to be relevant, Judge Howard ruled, pursuant to Fla. Stat. § 903.046, that the Petitioners’ Motion for Bond was denied. 6. The findings made by Judge Howard at the hearing on March 15, 2005, comply with the provisions of Fla. Stat. § 903.046. The Petitioners were afforded an evidentiary hearing at which the Court made the necessary findings to deny and/or revoke their bond. Therefore, the Petition filed in this case does not provide a prima facie case for issuance of a Writ.
The Dollars then filed this petition for writ of mandamus in this court, which essentially reiterates the allegations made in their habeas petition below and attaches a copy of the petition filed in the circuit court, its order, and a portion of the transcript of the hearing in which the original judge refused to grant a new bond.
With regard to the proceeding in this court, mandamus is not the proper remedy under the circumstances. See Kloski v. Matecumbe Marina, Inc., 598 So.2d 275 (Fla. 3d DCA 1992). See also Tallahassee Memorial Regional Medical Center v. Lewis, 399 So.2d 106 (Fla. 1st DCA 1981).
Florida Rule of Appellate Procedure 9.040(c) provides:
If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.
One possibility would be to treat this petition as an appeal. A circuit court order denying a petition for writ of habeas corpus is reviewable in this court by direct appeal. See M.W. v. Department of Children & Families, 769 So.2d 513 (Fla. 1st DCA 2000). However, the writ was not timely filed in this court. It was filed well beyond the 30-day period for filing a timely notice of appeal after the trial court denied the petition for habeas corpus. Further, the order denying the petition for writ of habeas corpus is arguably a nullity because that petition should have been filed in this court to review the lower court’s denial, or revocation, of bond. The circuit court should have transferred the habeas petition to this court to review the rulings of that court, rather than undertake review of its own orders.
Accordingly, we deem it best to treat this petition as a petition for writ of habeas corpus filed in this court. It seeks essentially the same habeas relief sought in the habeas petition wrongfully filed in the circuit court for the same reasons and, as noted above, it denied the Dollars a new bond, and attaches the ruling of the trial court that revoked the bond and a portion of the transcript. Thus we can review the actions of the lower court in refusing to grant the Dollars a bond, which has resulted in their alleged illegal detention.
Clearly the Dollars are not entitled to habeas relief. In deciding to deny bond, the trial court took into account the statutory factors set forth in section 903.046, which governs bail bond determinations. The attached transcript reflects that at the hearing the trial court determined that the weight of evidence against the Dollars is substantial, their offenses are serious, their ties to the community are minimal, there was evidence to conclude that they are a flight risk, and there is a probability of danger to and intimidation of the victims. The judge further noted an additional factor he considered was the Dollars’ two messages hinting at a suicide situation.
*402 Petition for Writ of Habeas Corpus DENIED.
THOMPSON and SAWAYA, JJ., concur.

. § 827.03(2)(b), Fla. Stat. (2004).