962 So.2d 1067 (2007)
Charlie McCALL, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D07-2247.
District Court of Appeal of Florida, Fifth District.
August 31, 2007.
Charlie McCall, Lowell, pro se.
No Appearance for Respondent.
ORFINGER, J.
Charles M. McCall petitions for a writ of mandamus to compel the circuit court to award him additional jail credit. McCall filed a previous motion seeking additional jail credit of 72 days pursuant to Florida Rule of Criminal Procedure 3.800(a) for the time that he was held in the State of Washington awaiting extradition to Florida. The circuit court denied his rule 3.800(a) motion. Now, in his mandamus petition, McCall raises the same jail credit issue, and asserts that because the trial court denied the requested credit, he will be imprisoned 72 days past the expiration of his lawful sentence.
*1068 Mandamus lies only to compel a lower tribunal to perform a ministerial duty or to exercise its discretion on a pending matter, not to instruct it on how to rule on an issue. See Kloski v. Matecumbe Marina, Inc., 598 So.2d 275 (Fla. 3d DCA 1992). Before this Court can issue a writ of mandamus, a petitioner must show a clear legal right to the relief requested and an indisputable legal duty on the part of the respondent to act. See Bernard v. State, 911 So.2d 1259 (Fla. 5th DCA 2005). Out-of-state jail credit is not mandated under section 921.161(1), Florida Statutes (2006). A sentencing court, in its discretion, may award out-of-state credit if a defendant is held in a foreign jurisdiction solely on a Florida warrant. Consequently, the trial court did not have a ministerial duty to award out-of-state jail credit. See generally Garnett v. State, 957 So.2d 32 (Fla. 2d DCA 2007) (stating that out-of-state jail credit for time spent on fugitive warrant is not credit defendant is entitled to as a matter of law, but instead is an issue that is within inherent discretion of sentencing court).
DENIED.
PALMER, C.J., and TORPY, J., concur.