WELLS, Judge.
The City of Miami petitions for second tier certiorari review of a decision rendered by the Appellate Division of the Circuit Court. That decision quashed a final judgment entered by the City of Miami Manager/Chief Administrator (“City Manager”) (1) because that judgment failed to make findings of fact and conclusions of law to support the City Manager’s decision to reject the City’s Civil Service Board’s determination that a police officer, charged with violating a number of departmental and civil service orders, rules and regulations, was not guilty of violating all but one of these charges, and (2) because that judgment failed to make findings and conclusions to support the City Manager’s decision to impose stricter sanctions on the officer than those recommended by the Civil Service Board.[1] The City claims *120 here only that the Appellate Division departed from the essential requirements of the law with regard to the second determination, arguing that once misconduct has been determined by the Civil Service Board, the penalty to be assessed comes within the exclusive discretion of the City Manager and may be imposed without elucidation. We agree with the City and grant the petition for certiorari. See City of Miami v. Cortes, 995 So.2d 604, 605 (Fla. 3d DCA 2008) (finding that this court has jurisdiction to conduct a second-tier certiorari review of an appellate decision of the circuit court to determine whether it: (1) afforded procedural due process, and (2) applied the correct law).
As this court has previously found:
[T]he [Civil Service] Board acts in the nature of a jury or trier of facts. The Board determines the truth or falsity of the charge and makes a finding as to the guilt or innocence of the accused. This finding or adjudication of guilt is then reported to the City Manager, together with their recommendations, and it is then the prerogative and duty of the City Manager[ ] to pass judgment as the findings of fact indicate and the circumstances of the case require. However, after the determination by the Civil Service Board of the guilt or innocence of the accused, its function as such ceases, at least as it would affect the rights and duties of the City Manager[ ].... To say that the recommendations of the Civil Service Board must be followed by the [City Manager) is, in effect, to strip the City Manager of the powers and duties conferred upon him by the charter and would be tantamount to a usurpation of his powers and duties under the charter. As was pointed out in Baynard v. Windorm, [63 So.2d 773 (Fla.1953) ], such recommendations may be followed or disregarded by the City Manager in imposing punishment. It may be that the punishment imposed was severe and obviously it was more severe than would have been imposed by the Civil Service Board, but as we have pointed out, it was not the prerogative of the Civil Service Board to punish the appellant but that of the City Manager, and it has not been shown that he exceeded his authority.
Eldredge v. Evans, 102 So.2d 403, 405 (Fla. 3d DCA 1958) (emphasis added); see City of Miami v. White, 165 So.2d 790, 791-92 (Fla. 3d DCA 1964) (confirming that the while the Civil Service Board determines the truth of the charges and makes findings as to guilt or innocence, it is the prerogative of the City Manager to impose punishment; thus, any recommendations that the Civil Service Board may make regarding punishment may simply be disregarded by the City Manager); accord Miami-Dade County v. Jones, 778 So.2d 409, 410 (Fla. 3d DCA 2001) (reversing a Circuit Court Appellate Division’s decision which determined that a discretionary decision by the Public Health Trust’s president to impose a harsher sanction than that recommended by a hearing officer had to be reversed “because the Trust president failed to state with particularity any reasons for departing from the hearing officer’s [sanction] determination”).
That portion of the opinion below imposing an obligation on the City Manager to state reasons for imposing a sanction different from that recommended by the Civil Service Board is, therefore, quashed. On remand, the City Manager is authorized to impose any appropriate sanction, even the one currently imposed, with no need for elucidation.
*121 Petition granted; decision from the Appellate Division of the Circuit Court quashed in part as provided herein.

. The officer was sanctioned for removing, while in police uniform, an electric meter box from an apartment she was renting to a third person and for placing the box in the trunk of her City of Miami police car. The Civil Service Board found her not guilty of all but one *120 of the seven charges brought against her and recommended forfeiture of 20 hours of earned overtime as a sanction; the City Manager imposed a 120-hour suspension.