# Third District Court of Appeal

## State of Florida

Opinion filed November 13, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1172
Lower Tribunal No. 15-9001

_____

**City of Miami,**
Appellant,

vs.

**Jean Marie Jean-Phillipe,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Victoria Méndez, City Attorney, and Kerri L. McNulty, Assistant City Attorney, for appellant.

Buschel Gibbons, P.A. and Robert C. Buschel and Eugene G. Gibbons (Ft. Lauderdale), for appellee.

Before SUAREZ, LAGOA, and SCALES, JJ.

SUAREZ, J.

The City of Miami (the "City") appeals the circuit court's grant of summary

judgment in favor of Appellee Jean Marie Jean-Phillipe ("Jean-Phillipe") in his

challenge to the City Manager's actions following a Civil Service Board review of a disciplinary action against him. Finding error in the procedures followed below, we reverse and remand so that Jean-Phillipe may pursue his proper remedy of an appeal to the appellate division of the circuit court.

## Factual Background

As the details of the complaints lodged against Jean-Phillipe are irrelevant to the issue in this appeal and our analysis of that issue, it is sufficient for purposes of this opinion to state that following an investigation by the City's police department, Jean-Phillipe, a City of Miami police officer, was issued a reprimand and suspended for 200 hours. Jean-Phillipe appealed that suspension to the Civil Service Board pursuant to the remedies afforded him under the City of Miami Code of Ordinances. The Civil Service Board found Jean-Phillipe not guilty of the actions for which he was disciplined. Those written findings were forwarded to the City Manager, also pursuant to the procedures set forth in the Code of Ordinances. The City Manager rejected the finding of innocence as to one charge and imposed a 200 hour suspension as to that charge.

Jean-Phillipe then brought an action for declaratory relief in the circuit court. Jean-Phillipe argued that the City Manager did not have the authority to reverse the Civil Service Board's finding of not guilty. Over the City's objection, the circuit court granted summary judgment in favor of Jean-Phillipe and issued a Final

2

Judgment which vacated the City Manager's suspension and remanded to the City to reinstate the Civil Service Board's recommended finding of not guilty. The City then filed the present appeal.

Because we find that the procedures followed by both parties in this case were incorrect, we reverse and remand. As explained below, the appropriate remedy for Jean-Phillipe was to seek review of the City Manager's determination in the appellate division of the circuit court and not in the circuit court itself. As further explained below, the City Manager's review of the findings of fact by the Civil Service Board was limited, and, upon remand, the appellate division will have to decide whether his determination that those conclusions were not supported by competent substantial evidence was proper. Finally, we clarify that the City had no right to challenge the City Manager's final determination on its own, but could properly respond to any appeal brought by Jean-Phillipe.

### City of Miami Code Provisions

In pertinent parts, the Code of Ordinances states:

**40-122 – Disciplinary Actions Generally.**

(a) *Authority of city manager, department director; appeals to board; investigatory, evidentiary powers of board*. Any officer or employee in the classified service may be removed, fined, laid off, or reduced in grade by the city manager or by the director of the department in which he/she is employed, for any cause which will promote the efficiency of the service; but he/she must be furnished with a written statement of the reasons therefor

3

within five days from the date of the removal, suspension, fine, layoff, or reduction in grade, and be allowed a reasonable time for answering such reasons in writing, which shall be made a part of the records of the board; and he/she may be suspended from the date when such written statement of reason is furnished him/her. No trial or examination of witnesses shall be required in such case except at the discretion of the city manager or the department director.

Any employee in the classified service who deems that he/she has been suspended, removed, fined, reduced in grade or demoted without just cause may, within 15 days of such action by the department director, request in writing a hearing before the civil service board to determine the reasonableness of the action. [e.s.] The board shall, within 30 days after appeal of the employee disciplined, proceed to hear such appeal. After hearing and considering the evidence for and against the employee, the board shall report in writing to the city manager its findings and recommendations. The city manager shall then sustain, reverse, or modify the action of the department director . . . [e.s.]

. . . .

**40-124 – Appeals from Disciplinary Actions.**

(a)     *Generally*. When any employee in the classified service with permanent civil service status has been suspended, reduced in rank, or dismissed appeals to the board, the appeal must be made in writing within 15 days from the effective date of the suspension, reduction, or dismissal; and the board within 30 days shall proceed to hear such appeal. The board, recognizing the disciplinary authority of the administrative head . . . shall make its findings in writing to the city manager for his/her consideration, who shall enter an order affirming, reversing, or modifying the disciplinary action of the department director . ... [e.s.]

4

It should be noted that the Code of Ordinances does not expressly address the rights of the parties to any further review of a disciplinary action after the City Manager has issued her or his final determination.

**Punishments Imposed**

While it must be acknowledged that the foregoing Ordinances are not a model of careful or clear writing, the Ordinances do make it abundantly clear that an employee in classified service may request a review by the Civil Service Board for a determination of the reasonableness of the disciplinary action brought against the employee. The Civil Service Board acts in place of a jury as the trier of facts. The Board determines the truth or falsity of the facts and makes findings of guilt or innocence and makes a recommendation as to discipline, if any. State ex rel. Eldredge v. Evans, 102 So. 2d. 403 (Fla. 3d DCA 1958). Following the review, the Civil Service Board is required to submit a written report to the City Manager of its findings and recommendations. The City Manager then reviews the Civil Service Board's Report to determine whether the Board's factual findings are supported by competent substantial evidence and reviews the Board's recommended discipline. City of Miami v. Huttoe, 38 So. 2d 819, 820 (Fla. 1949); City of Miami v. Reynolds, 34 So. 3d 119 (Fla. 3d DCA 2010); Town of Surfside v. Higgenbotham, 733 So. 2d 1040, 1045 (Fla. 3d DCA 1999). The City Manager

5

is not required to follow the Board's disciplinary recommendation as it is the sole prerogative of the City Manager to impose the discipline. Reynolds, 34 So. 3d at 120; see City of Miami v White, 165 So. 2d 790, 791- 92 (Fla. 3d DCA 1964).

The City Manager has three disciplinary options upon receipt of the Civil Review Board's written findings of fact and recommendation. He or she may 1) affirm; 2) reverse; or 3) modify the disciplinary action recommended against the employee. It is equally plain that the term "modify" necessarily includes the possibility of an increase in that disciplinary action. Thus, any employee who opts to seek a Civil Service Board review of a disciplinary action against him or her takes the risk that a harsher penalty may be imposed as a result of such an appeal and must give due consideration to that possibility when deciding whether or not to seek Civil Service Board review.[1] See Reynolds, 34 So. 3d at 120 (agreeing that "once misconduct has been determined by the Civil Service Board, the penalty to be assessed comes within the exclusive discretion of the City Manager and may be imposed without elucidation.").

What is less clear, and what has been made less clear through the case law, is the proper procedure to be followed once the City Manager has entered her or his order. We seek here to clarify that issue so that the parties to all pending and

---

[1] It is understandable that if a harsher penalty is indeed imposed an employee could conclude that she or he was unfairly punished merely for exercising her or his appellate rights, but that is an unfortunate result of the present wording of the Code of Ordinances which we are without authority to remedy.

future disciplinary actions subject to Sections 40-122 and 40-124 of the City of Miami Code of Ordinances, or their equivalents, may have a clear understanding of their rights and remedies.

First, it must be made plain that the City itself has no remedies following the City Manager's review of a disciplinary proceeding. This is so because the City Manager is, in effect, acting as the City when she or he reviews a Civil Service Board recommendation. No legal principle permits a party to appeal from its own determination.[2] Once the City Manager has acted, the City must simply abide by whatever determination has been made.

An employee subject to a disciplinary action is not, however, equally without remedy. Once the City Manager has issued her or his order, the employee may file an appeal with the appellate division of the circuit court. In that appeal the employee may challenge the City Manager's factual determinations, but not, as just explained, the disciplinary penalty imposed by the City Manager.

---

[2] We acknowledge that dictum in City of Miami v. Martinez-Esteve, 125 So. 3d 295 (Fla. 3d DCA 2013), indicated that the City may be able to seek review of the Civil Service Board's actions by way of an appeal to the circuit court's appellate division. We reaffirm here that any implication in Martinez-Esteve that the City has a right to review of a Civil Service Board recommendation was dictum. The implication therein that an independent lawsuit by an employee following a City Manger's review of a Civil Service Board recommendation may be appropriate was likewise dictum. Moreover, that case did not involve factual findings and conclusions of law by the Civil Service Board as occurred here, but instead involved only interpretation of City policy, so its holding is inapplicable in this context in any event.

7

**Prior Cases**

A review of prior cases demonstrates that parties to a disciplinary proceeding have followed a number of paths in their efforts to obtain their desired outcome after the City Manager has acted.[3]  Despite the various procedures followed in those cases, this Court set forth the proper procedure for a disciplined employee to seek review of the City Manager's action in Miami-Dade Cnty. v. Moreland, 879 So. 2d 23 (Fla. 3d DCA 2004).  There, following a disciplinary action, review by the Civil Service Board and affirmance by the City Manager, the employee filed an independent complaint for discrimination and the County petitioned for prohibition to prevent that action from proceeding.  In granting the petition, this Court expressly stated:

> Where a civil service employee pursues civil service administrative remedies, the employee is precluded from

---

[3] City of Miami v. Martinez-Estevez, 125 So. 3d 295 (Fla. 3d DCA 2013) (complaint for declaratory relief, injunction and monetary damages by employee); Lee Cnty. v. Harsh, 44 So. 3d 239 (Fla. 2d DCA 2010) (petition for certiorari by employee); City of Miami v. Reynolds, 34 So. 3d 119 (Fla. 3d DCA 2010) (appeal to circuit court by employee); Miami-Dade Cnty. v. Jones, 778 So. 2d 409 (Fla. 3d DCA 2001) (appeal to circuit court by employee); Kee v. Miami-Dade Cnty., 760 So. 2d 1094 (Fla. 3d DCA 2000) (appeal to circuit court by employee); Town of Surfside v. Higgenbotham, 733 So. 2d 1040, 1047 (Fla. 3d DCA 1999) (appeal to circuit court by employee); City of Hollywood v. Fielding, 362 So. 2d 362 (Fla. 4th DCA 1978) (petition for mandamus by employee); Fitzpatrick v. City of Miami Beach, 328 So. 2d 578 (Fla. 3d DCA 1976) (petition for certiorari by employee); City of Miami v. White, 165 So. 2d 790 (Fla. 3d DCA 1964) (petition for certiorari by employee); State ex re. Eldredge v. Evans, 102 So. 2d 403 (Fla. 3d DCA 1958) (petition for mandamus by employee); City of Miami v. State ex rel. Houston, 102 So. 2d 176 (Fla. 3d DCA 1958) (petition for mandamus by employee).

bringing an independent action in Circuit Court to challenge the propriety of the [discipline]. … [O]nce the employee submits himself to the administrative review procedures provided by the Ordinance, the employee has been afforded a quasi-judicial hearing and is not entitled to a de novo hearing in Circuit Court on the claim. **Instead, the employee must institute an appellate proceeding in the Circuit Court Appellate Division to review the adverse determination.** [e.s].

Id. at 24-25 (citing Bass v. Metro Dade Cnty. Dep't of Corr. and Rehab., 798 So. 2d 835 (Fla. 3d DCA 2001), and City of Miami Springs v. Barad, 448 So. 2d 510, 511 (Fla. 3d DCA 1983)); see also Sch. Bd. of Leon Cty. v. Mitchell, 346 So. 2d 562, 568 (Fla. 1st DCA 1977) (cited by Barad, examining history of the APA and holding "in the vast majority of cases, the sole method of challenging agency action, whether formally recognized as an 'order' or a 'rule', as it affects the substantial interests of a party is by petition for review to the appropriate Court of Appeal."); 2 Fla. Prac., Appellate Practice § 19:9 (2016 ed.) ("Article V, § 5(b) of the Florida Constitution states that the circuit courts shall 'have the power of direct review of administrative action prescribed by general law.' However, there is often no general statute that authorizes an appeal from a decision by a local administrative body such as a county commission. To implement the basic right of appellate review, the courts have held that an unappealable decision by a local administrative tribunal is reviewable by certiorari in the circuit court. This use of certiorari is unlike any other, in that the scope of review is actually more like a

plenary appeal." (e.s.)).  In this case, no general statute authorizes an appeal from the actions of the City Manager, so a disciplined employee falls within the scope of the just-cited authorities.

We note that the caption given to any pleading before the appellate division is irrelevant.  Rather, what is important is that the proper – and only – tribunal for review of the City Manager's determination of a Civil Service Board recommendation is the appellate division of the circuit court for plenary review.[4]

### City Manager's Authority as to Factual Findings

As indicated above, in this case the Civil Service Board found Jean-Phillipe not guilty of the charges against him.  Upon review, the City Manager concluded that one such finding was not based on competent substantial evidence and reversed the finding of not guilty as to that charge.[5]  Jean-Phillipe argues that the City Manager lacked the authority to reverse the finding of not guilty.  In essence Jean-Phillipe argues that the City Manager had no alternative but to reinstate him once the Civil Service Board found him not guilty.  We disagree.

---

[4] See also Art. V, 20(c)(3) Fla. Const. ("Circuit courts shall have jurisdiction of appeals from county courts and municipal courts, except those appeals which may be taken directly to the supreme court; and they shall have exclusive original jurisdiction in all actions at law not cognizable by the county courts"); Fla. R. App. P. 9.030(c)(1)(C) (articulating the circuit courts' jurisdiction over administrative action).

[5] The City Manager also imposed as discipline a 200 hour suspension, thereby affirming the 200 hour suspension imposed by the Department.

We conclude that the City Manager has the authority to review the Civil Service Board's findings of fact to determine whether they were supported by competent substantial evidence. However, because we are remanding for pursuit of the proper appellate procedure in this case, we do not reach a conclusion as to whether the City Manager properly exercised that ability in this case and we imply no opinion on the matter.

The powers of the City Manager with respect to findings of fact in disciplinary actions was first addressed by this Court in State ex rel. Eldredge, 102 So. 2d 403. In that case this Court stated:

> [T]he Civil Service Board acts in the nature of a jury or trier of the facts. The Board determines the truth or falsity of the charge and makes a finding as to the guilt or innocence of the accused. This finding or adjudication of guilt or innocence is then reported to the City Manager, together with their recommendations, and it is then the prerogative and duty of the City Manager[] to pass judgment as the findings indicate and the circumstances of the case require . . . . Such recommendations may be followed or disregarded by the City Manager in imposing punishment.
>
> . . . .
>
> We do not infer by anything said here that the City Manager[] could disregard findings of the Civil Service Board of the guilt or innocence of an accused employee when such findings are supported by substantial evidence.

11

Id. at 405-06; See also Town of Surfside, 733 So. 2d at 1047 (analyzing a parallel provision and finding that "[t]he Town Manager may not disregard the findings of fact made by the Hearing Examiner unless there is no competent substantial evidence to support them"); Miami-Dade Cnty., 778 So. 2d 409 (examining a parallel provision and concluding findings of fact were supported by substantial evidence). While not expressly so stated in the foregoing cases, long precedent dictates that with respect to the City Manager's ability to "disregard" a Civil Service Board's factual finding if not supported by competent substantial evidence, the City Manager is not permitted to re-weigh the evidence nor judge the credibility of the witnesses.

In a proper appeal of the City Manager's determination, Jean-Phillipe will be able to challenge the City Manager's conclusion that a factual determination was not supported by competent substantial evidence. In such an appeal, the circuit court's appellate division would be bound to follow the abundant case law regarding competent substantial evidence. See Wiggins v. Florida Dep't of Highway Safety & Motor Vehicles, 209 So. 3d 1165, 1171–75 (Fla. 2017), and cases cited therein; Glaister v. Glaister, 137 So. 3d 513, 516 (Fla. 4th DCA 2014) ("A trial court is bound by a master's factual findings and recommendations unless they are clearly unsupported by the evidence and clearly erroneous." (quoting Linn v. Linn, 523 So. 2d 642, 643 (Fla. 4th DCA 1988)). The appellate court "will

review de novo the trial court's decision that the findings of fact . . . are supported by competent, substantial evidence and are not clearly erroneous while giving both the magistrate and the trial court the benefit of the presumption of correctness." In re Drummond, 69 So. 3d 1054, 1057 (Fla. 2d DCA 2011).

As articulated by the Florida Supreme Court in De Groot v. Sheffield, 95 So. 2d 912, 916 (Fla. 1957):

> In certiorari the reviewing court will not undertake to re-weigh or evaluate the evidence presented before the tribunal or agency whose order is under examination. The appellate court merely examines the record below to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment which also must accord with the essential requirements of the law. It is clear that certiorari is in the nature of an appellate process. It is a method of obtaining review, as contrasted to a collateral assault.
>
> We have used the term 'competent substantial evidence' advisedly. Substantial evidence has been described as such evidence as will establish a substantial basis of fact from which the fact at issue can reasonably be inferred. We have stated it to be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion . . . . . We are of the view that the evidence relied upon to sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached.

To dot the final "i" and cross the final "t" in this case, we explicitly state that following a proceeding in the appellate division of the circuit court, either party to a disciplinary action may pursue further remedy by way of second-tier petition for

certiorari to this Court. As always, that second-tier certiorari review will be narrowly limited to (1) whether the lower tribunal afforded procedural due process and (2) whether the lower tribunal applied the correct law. See Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010).

**Conclusion**

To recapitulate, a civil service employee subject to a City of Miami Code 40-122 disciplinary action may request review of the disciplinary action by the Civil Service Board. The Civil Service Board will make its findings in writing and will make a recommendation regarding the discipline imposed. Those findings and recommendation will be forwarded to the City Manager who will review the Report to determine if the factual basis of the Board's findings are based on substantial competent evidence and will review the Board's disciplinary recommendation. In reviewing the Board's disciplinary recommendation, the City Manager may 1) affirm; 2) reverse; or 3) modify the discipline recommended by the Civil Service Board. The term "modify" carries with it the possibility of an increase of whatever punishment has been recommended. In reviewing the findings of fact from the Civil Service Board, the City Manager may review the record to determine if such findings are supported by competent substantial evidence, but may not reweigh the evidence presented or judge the credibility of witnesses. Rather, she or he is limited to determining whether some competent,

14

substantial evidence was presented that would support the Civil Service Board's findings.

Once the City Manager has acted, if an employee is dissatisfied with the outcome of the City Manager's review of the Civil Service Board's recommendation, that employee may petition for review before the appellate division of the circuit court. Such review will be in the nature of a plenary appeal.

If, after a proceeding before the appellate division of the circuit court either party to the proceeding is dissatisfied with the outcome, that party may seek second- tier certiorari relief from this Court, under the extremely limited review afforded by such proceedings.

Because the foregoing procedures were not followed in this case, we reverse the summary judgment in favor of Jean-Phillipe and remand for a plenary appeal before the appellate division of the circuit court.

Reversed and remanded.